# Lengle et al., Appellants, *v.* North Lebanon Township.

*Negligence — Damages — Previous compensation under Workmen's Compensation Act—Charge—Corrective instructions.*

1. While the Workmen's Compensation Act provides a certain means of relief to a person injured, or those surviving a decedent, which, from a legislative viewpoint, is ample, it cannot be regarded as representing total compensation, or that which the injured person or the decedent's dependants are entitled to receive from others than the employer causing the injury.

2. In an action brought to recover damages for children, whose father had been killed through the negligence of defendant, it is reversible error to admit evidence that the children had received compensation under the Workmen's Compensation Act.

3. Corrective instructions are not sufficient to overcome such error.

*Negligence—Townships—Defective road—Barriers—Private lane —Duty of borough—Wagon tracks—Evidence—Remoteness of time —Weight of evidence—Admissibility.*

4. Adjoining owners have the right to join their premises with the public highway by means of a private road or lane, under such regulations as to safety as the supervisors may prescribe, and the supervisors cannot prevent such connection.

5. But when such lane is so dangerous as to become a nuisance, if the owner does not repair, the supervisors may barricade the lane, or erect a gate, and continue the barrier until the menace is removed.

*Negligence—Damages—Infants—Verdict—Separate verdict.*

6. In an action by several children through their guardian to recover damages for the death of their father, it is reversible error for the court to charge that the jury must return a separate verdict for each of the children.

Argued February 14, 1922. Appeal, No. 257, Jan. T., 1922, by plaintiffs, from judgment of C. P. Lebanon Co., June T., 1918, No. 102, on verdict for defendant, in case of Francis Lengle et al., by their guardian and next friend, the Lebanon County Trust Co., v. North Lebanon Township. Before MOSCHZISKER, C. J., FRAZER, WALL-

ING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.    Reversed.

Trespass for death of plaintiffs' father.    Before HENRY, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant.    Plaintiffs appealed.

*Errors assigned* were various instructions and rulings appearing by the opinion of the Supreme Court, quoting record.

*Paul G. Adams,* with him *Warren G. Light,* for appellant.—In a negligence action, evidence of compensation, paid and payable, under Workmen's Compensation Act, is not admissible to bar plaintiff dependent minors, through guardian, from maintaining action.

The testimony of marks and ruts on traveled highway "about a week" after accident is not admissible to show contributory negligence: Hoover v. Reichard, 63 Pa. Superior Ct. 517.

It was a duty of the supervisors to guard the highway: Kelley v. Twp., 154 Pa. 440; Plymouth Twp. v. Graver, 125 Pa. 24; Hey v. Phila., 81 Pa. 44; Closser v. Twp., 11 Pa. Superior Ct. 112; Winegardner v. Twp., 258 Pa. 496.

*Dawson W. Light,* with him *Walter C. Graeff,* for appellee.—Plaintiff was guilty of contributory negligence: Shuman v. Twp., 267 Pa. 344.

Hoover v. Reichard, 63 Pa. Superior Ct. 517, is not in point.

The principle of Kelley v. Twp., 154 Pa. 440, has no application to the facts of this case.

OPINION BY MR. JUSTICE KEPHART, April 17, 1922:

Joseph Lengle, employed by Donmoyer, was killed while driving a two-horse wagon on a public highway in

North Lebanon Township.  The wagon skidded from the road into a declivity, somewhat lower than the surface of the highway.  The declivity or sharp descent was a part of a private lane where it joined the main highway and connected with the traveled portion.  The public road at this point was only 9 feet in width; immediately to the east and west it widened to 15 feet.  Defendant was charged with negligence in that the road was not kept "in reasonable repair and in a reasonably safe condition for public travel."  This charge was evidenced by a failure to erect barriers or take other precaution at the intersection of the roads to prevent accident, and by permitting a grass plot in or along the side of the road to be in a dangerous condition.  In the action to recover damages, the jury found against the plaintiff, and this appeal followed, charging principally trial errors.

There was admitted in evidence a compensation agreement under which deceased's children received compensation.  Not only was the fact of an agreement admitted, but much testimony was taken showing the amount of money received under it.  The offer was for the purpose of showing plaintiff could not maintain the action in right of the children.  The real purpose (not part of the offer) was to convey to the jury the fact that the children were already being taken care of under the compensation laws of the State, and the amount received by them.  No further suggestion was necessary to convince the jury the township should not be asked to pay more to the children or any sum in relief of the employer.  Under such circumstances plaintiff's chance of recovering anything was materially injured the moment the evidence was delivered.  The court endeavored to correct its mistake in its charge, but the mischief was already done.  Corrective instructions had little chance to get this idea out of the jurors' minds.

The evidence was not competent, in any view of the case.  While the compensation act provides a certain means of relief to a person injured, or those surviving a

decedent, which, from a legislative viewpoint, is ample, it cannot be regarded as representing total compensation, or that which the injured person or the decedent's dependents are entitled to receive from others than the employer causing the injury. Under the act, the employer or insurance company has the right to be subrogated in any verdict recovered for the amount to be paid by virtue of the compensation agreement or order of the board. The procedure necessary for subrogation has been pointed out in a prior decision of this court, so that in no view of the case was this evidence admissible; on the contrary, it was harmful to plaintiff's action. See Conover v. Bloom, 269 Pa. 548, 550, for comment on evidence of a similar nature. The first four assignments of error are sustained.

The testimony of Winters as to the wagon tracks on the ground, seen by him a week after, is rather remote. We are inclined, however, to agree with the court below the objection went to the weight of the evidence rather than its admissibility. The tracks were identified as having been made by the deceased's wagon. Just how this was known does not appear, but, as the record stood, we do not think error was committed in the admission of the testimony.

A lane connects with the public road at the place of the accident. An adjoining property owner has the right to join his premises with a public highway by means of a private road or lane under such regulations as to safety as the supervisors may prescribe; the supervisors have no power to erect a guard rail or barrier or prevent such connection; but, where the lane immediatey adjoining a part of the public highway is so dangerous as to become a public nuisance, there is an obligation resting on the supervisors to abate it. As public officials, they must make the highway reasonably safe for travel, and if to do so requires the lane to be filled or otherwise taken care of, the supervisors certainly have power to compel such measures. The safety of the traveling public can-

not be subordinated to the convenience of the individual property owner. The authority of the supervisors may not extend beyond the highway and the necessary embankments, but, if there is a precipitous descent to the lane adjoining, making travel along the public highway dangerous, and the only way to cause the owner of the lane to put it in proper shape is to barricade the highway or erect a gate at this point, in the interest of public safety, they have the power to do it, and continue it until the menace is removed. If it is contended the conditions imposed for opening are unfair or burdensome, the courts can quickly settle that question. But, primarily, it must be understood the safeguarding of these thoroughfares is in the hands of the supervisors.

The court charged the jury that, in arriving at a verdict, they must, in passing on damages, award separate amounts to each of these children. "You must by your verdict, if you assess damages, find what damages each of these children would have suffered, you must take each one separately." This was error. The jury renders a verdict for a definite sum, and a distribution of this sum, in the present case, is of no concern either to the court or jury. The law was correctly stated with respect to the elements entering into the question, and the various matters to be considered by the jury with respect to the award the children should receive. This was sufficient enlightenment for them to reach a conclusion as to what amount, if any, should be recovered. The ninth assignment is sustained.

The assignments not covered by this opinion are overruled. The judgment of the court below is reversed and a venire facias de novo awarded.