**MOREAU v. PENNSYLVANIA R. CO.**

No. 9472.

Circuit Court of Appeals, Third Circuit.
Argued Jan. 23, 1948.
Decided Feb. 25, 1948.

Maurice H. Brown, of Philadelphia, Pa. (Robert M. Bernstein, of Philadelphia, Pa., on the brief), for appellant.

Philip Price, of Philadelphia, Pa. (H. Francis De Lone and Barnes, Dechert, Price, Smith & Clark, all of Philadelphia, Pa., on the brief), for appellee.

Before MARIS, GOODRICH and O'CONNELL, Circuit Judges.

544

GOODRICH, Circuit Judge.

This action was brought against the defendant railroad to recover damages for injuries sustained when the plaintiff, Oliver E. Moreau, fell from one of its trains. Federal jurisdiction is based on diversity. Suit was brought in the District Court for the Eastern District of Pennsylvania. The accident took place in Delaware. But the questions presented on this appeal do not require the careful choosing of the applicable law which diversity cases often demand. The answers here do not vary according to the law applied.

Moreau was a passenger on a Pennsylvania night train bound for Cape Charles. The accident occurred at about two a.m. somewhere between Townsend and a place near Blackbird, both of which are in the State of Delaware. Plaintiff testified that as he stepped out on the platform of one of the cars the train lurched forward and he was thrown through an open door on the left side of the train. That the door was open, according to plaintiff's claim, was due to the railroad's negligence. The defendant introduced a number of witnesses who testified about the careful and constant checks made of such doors to keep them closed while the train was in motion. It also

raised the affirmative defense of contributory negligence. The jury returned a verdict for the defendant and the plaintiff appeals.

This appeal raises only questions relating to errors in the conduct of the trial. The most important of these deals with the instructions the trial judge gave concerning contributory negligence. Since both sides agree that the correct rule of law places the burden of proving contributory negligence on the defendant, the narrow question presented is whether the charge to the jury adequately conveyed the admittedly correct rule of law. The defendant also makes the point that even if the matter was not left perfectly clear, plaintiff cannot now complain because he did not reassert his objection at the end of the discussion on his original objection. We set out in the margin that portion of the charge [1] in issue and the colloquy [2] thereon which followed when counsel objected to this part of the charge. The portion of the charge quoted contains obvious error, inadvertent no doubt, but error nonetheless. And the first attempted correction would, we think, tend further to confuse the jury, especially the first sentence thereof. Then, after counsel for defendant had expressed agreement with the

[1] "He must, also, not only show that the defendant is negligent, but he must also show that he himself is not guilty of what the law calls contributory negligence in that he is free from doing the things that an ordinarily prudent man or woman would not do under the circumstances, or that he himself did something that the ordinarily prudent man or woman would not do under the circumstances and that he did or did not contribute to the accident to such a degree that the accident would not have happened without the contribution of negligence, because if he would be guilty of contributory negligence he could not recover."

[2] "Mr. Bernstein: * * * Will Your Honor grant me an exception to that portion of Your Honor's charge? That deals with contributory negligence.

"The Court: I will be glad to make any corrections.

"Mr. Bernstein: Your Honor said that the plaintiff must show that he was not guilty of contributory negligence. The burden of that is on the defendant.

Your Honor said that he must show that he was not guilty of contributory negligence.

"The Court: I meant to say, members of the jury, the plaintiff must show that he is free from contributory negligence. In other words, if he was to take the stand and tell a story that might show he was not free from contributory negligence, he could not recover.

"Mr. Bernstein: May I also ask Your Honor, that you also charge in addition that the burden of proof of contributory negligence is on the defendant.

"Mr. Price: Mr. Bernstein is perfectly correct in saying that the burden of proof is on the defendant, and Your Honor is quite right in saying the plaintiff must show a case free of negligence on his part.

"The Court: You would like me to charge that the plaintiff must show there is no guess that he is free from contributory negligence, but if the defendant contends that the plaintiff is guilty of contributory negligence the defendant must show it."

rule of law presented by counsel for the plaintiff, the Court summarized, though not so accurately as they had, the point of view both lawyers had expressed.

But the jury were not instructed in accordance with this rule. Nowhere in the record is there an indication that the trial judge corrected his erroneous charge. The most we can say is that he merely stated plaintiff's contention without any indication that such was his view of the law. We fully appreciate the dangers inherent in reading the cold record divorced from any description as to the manner in which, and how, the words which defendant now urges cured this error, were spoken. But we think that the trial judge could correct the error only (1) by making a definite statement of the correct rule to guide the jury and (2) making it clear to the jury that it should substitute the later correct statement for the former erroneous one. Cummings v. Pennsylvania R. Co., 2 Cir., 1930, 45 F.2d 152; Schroble v. Lehigh Valley R. Co., 2 Cir., 1933, 62 F.2d 993. Neither was done.

We think that defendant's point that plaintiff had to renew his objection is without merit. The trial judge never took any action or position after the original objection. Cf. Overman Wheel Co. v. Griffin, 1 Cir., 1895, 67 F. 659. Counsel must make his points clearly so that the trial judge may see what they are and if he believes they are right, follow them. But he is not required to indulge in reiterative insistence in order to preserve his client's rights.

As other issues argued on this appeal may also arise during the second trial we express our view on those we think are substantial. The defendant was permitted to ask two witnesses if doors on trains were opened very frequently by persons who were not members of the train crew. The plaintiff objected first on the ground that it was a leading question and then said "I object to that some people, sometimes between stations." He also objected to the subsequent comment of the judge which is set out in the margin.[3] Plaintiff now gives a specific reason for his objection but, of course, if this evidence was admissible on any ground there was no error committed, since the first objection made was not a valid one and the second was not definite enough. Norwood v. Great American Indemnity Co., 3 Cir., 1944, 146 F.2d 797; Bank of Italy v. F Romeo & Co., Inc., 9 Cir., 1923, 287 F. 5. Plaintiff argues that the question violated the rule of evidence that actions of a person on a prior occasion cannot be used to show what happened on the occasion which gave rise to the legal controversy at issue. But defendant stated his purpose at the time the question was asked and reasserts it here. It is that the question was to elicit testimony to rebut the inference that it took special skill to open car doors. Cf. Davis v. State, 1897, 51 Neb. 301, 70 N.W. 984. This inference was suggested by plaintiff's cross-examination and any danger of its misuse could have been minimized if plaintiff had requested an instruction limiting it to this purpose. The trial judge's comment only indicated that plaintiff's question had interjected the issue of special skill as a circumstance in the case. The rule allegedly violated, moreover, is merely one of auxiliary policy to be called upon when the trial judge feels such evidence would unduly confuse the issue. II Wigmore, Evidence, 3d Ed. 1940, § 444. In the light of the record which contained the suggestion of special competency required to open a door we cannot say that this discretion was abused.

---

3 "The Court: You can ask him whether anybody could open a door. There is something considerable in the theory that Mr. Bernstein has just given expression to. There is certain objection to this and yet there are certain things that are desirable, and we who use trains—I am going to let the witness answer that question and I am going to give Mr. Bernstein an exception and let him answer it and permit it to come in subject to the objection, and I should tell the jury that what he testifies to is not what happened in this case. It is one of the probabilities and one of the possibilities in the case to enable you in trying to come to a judgment as to what happened on this particular day."

546

The only other point of substance is that raised by the plaintiff's theory that error was committed in the judge's failure to mention the effect of the res ipsa loquitur doctrine. We do not have to decide the interesting question of the applicable law (federal, Delaware or Pennsylvania) nor whether such omission, if error at all, is such a fundamental one that it can be urged on appeal despite the failure to object when the charge was completed. Cf. Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; McDonald v. Jarka Corporation, 2 Cir., 1944, 144 F.2d 53. The trial judge did not expressly use the words res ipsa loquitur. If he had it could but have confused the jury. But he gave the rule full effect since he let the case go to the jury despite the fact that plaintiff's evidence only indicated that the door was open. He charged, furthermore, at the request of the plaintiff: "If you find that plaintiff was thrown out of a side vestibule door which was open, while he was passing from one coach to another, you should find that the defendant was guilty of negligence, unless you find as a fact that defendant exercised towards plaintiff the degree of care required by the law as to maintenance, condition, and operation of its cars. If you find that the accident happened the way the plaintiff said it did, the burden of going forward with the evidence is on the defendant. It must overcome the inference of negligence that arises, by an explanation which absolves it of negligence." This is fully as favorable a statement as plaintiff could ask for on this part of the case.

The other two points argued as additional grounds for reversal relate to the substitution of the word "would" for the word "should" in the plaintiff's points for charge and the objection to the statement in the charge as to what the jury should do if it could not make up its mind on whether one of two causes, only one for which defendant could be held responsible, caused the accident. No further comment is required than that we find nothing improper in either instance.

The judgment will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.