### UNITED STATES v. KELINSON et al.
No. 270, Docket 22695.

United States Court of Appeals
Second Circuit.

Argued June 3, 1953.

Decided July 1, 1953.

---

4. See full opinion of Judge Learned Hand in United States v. Sherman, 2 Cir., 200 F.2d 880 & 882.

Frank J. Parker, Brooklyn, N. Y. (Jeremiah J. Sullivan, Brooklyn, N. Y., of counsel), for United States.

F. W. H. Adams, New York City, for defendant-appellant Kelinson.

Conrad & Smith, New York City (Samuel Rubin and Herbert B. Thau, New York City, of counsel), for Thal.

Harry Goodman, New York City, for Saltz.

Before CHASE, CLARK and FRANK, Circuit Judges.

**FRANK, Circuit Judge.**

The defendants were tried before a judge and jury under an indictment charging fraud and conspiracy to defraud the United States Veterans' Administration by presenting false tuition claims for veteran training in meat-cutting, in violation of 18 U.S.C. §§ 2, 286, 287, 371 and 1001. The jury found all the defendants guilty, and the judge entered judgments of conviction and sentenced them. Defendants Kelinson, Thal and Saltz have appealed.

■ 1. The government offered in evidence, and the judge permitted the reading to the jury of, a part of defendant Sobers' testimony given before the grand jury. As Sobers did not take the stand, he was not subjected to examination by the other defendants. His grand-jury testimony was competent evidence against him at the trial. But since it was given after the conspiracy had ended, it was hearsay as to the other defendants. Because of the difficulty of preventing prejudice to them, the judge, in his discretion, might have refused to admit it.[1] Had it been received, however, coupled with a carefully worded admonition that the jury should not consider it as to anyone but

Sobers, there would have been no error. Apparently believing that often such a cautionary instruction may be futile or worse —as it may actually serve to intensify the effect on the jury which the instruction purportedly avoids [2]—the trial judge here, eager to dispense with such an instruction, sought to limit the part of Sobers' grand-jury testimony which was received so that it would have no bearing on the conduct of anyone but Sobers. But this effort failed; for the portion of that testimony read to the jury clearly created the impression that the other defendants were even more guilty than Sobers. Therefore, to admit it without a warning charge constituted error.

■ The government argues that the appealing defendants waived this error because, after the judge had concluded his charge, he asked for objections, and defendants' counsel then failed to ask for a warning as to Sobers' testimony. We cannot agree in the light of the following: Counsel for the defendants other than Sobers had objected to the reception of this evidence as against them, specifically stating that it contained numerous references to them. The judge overruled the objection, but added that he was "going to give definite and clear appropriate instructions to the jury to the effect that the statements contained in the transcript of the defendant Sobers before the grand jury are not binding on his co-defendants." He also said, "I want to avoid the necessity of telling the jury that they are to disregard any part of that testimony that involves the other defendants. I have warned you about this now outside of the hearing of the jury because I don't want you in summation between now and the end of the trial to invite the necessity of my admonishing the jury about it." We think that, in these circumstances, no waiver of the error resulted from any failure to request a cautionary charge. The objections previously made amply sufficed to make known to the judge that these defendants would assert he had erred. Fed.Rules Crim.Proc. rule 30, 18 U.S.C., does not require a lawyer

---

1. Cf. United States v. Rosenberg, 2 Cir., 195 F.2d 583, 596.

2. Krulewitch v. United States, 336 U.S. ■■■■

440, 453, 69 S.Ct. 716, 93 L.Ed. 790; Skidmore v. Baltimore & Ohio R. Co., 2 Cir., 167 F.2d 54, 61.

to become a chattering magpie.[3] The judge's mistake, we think he aggravated when, at the close of his charge, he said: "Now, some comment was made about Government's Exhibit No. 24. Government's Exhibit No. 24 was a transcript of the testimony of the defendant Sobers before the Grand Jury. You may remember that a day or two prior to the reading of a portion of that testimony we had several prolonged recesses. They were made necessary in the opinion of the Court because of the fact that the testimony was voluminous in the first place and, secondly, because the Court felt that some of the testimony wasn't properly admissible in evidence. We had some discussion about the thing. I finally made the ruling that only a part may be read to the jury. All exhibits are being made available to you except that one, and the reason for that is that I can't let you have something which contains matter which I have already ruled is inadmissible. But I do want to say this to you, that having heard the testimony read to you, and in some instances re-read, I don't want you to infer anything at all from the fact that the remainder of it wasn't read. Don't try to guess what it might have contained. It wouldn't be fair to any of the litigants in this case—either to the Government or to the defendants—if you were to do any such thing." On account of this error, there must be a new trial.

2. Defendants argue that the judge erred in not giving a charge they requested, *i. e.,* "Where the circumstances proved are just as consistent with honesty and good faith, as with an alleged deceitful intent, the inference of fraud is not warranted, because fraud cannot be imputed from circumstances that are consistent with truth and fair dealings." We do not agree, since the judge repeatedly told the jury that the government had the burden of establishing guilt beyond a reasonable doubt. See, e. g., United States v. Valenti, 2 Cir., 134 F.2d 362, 364; United States v. Feinberg,

2 Cir., 140 F.2d 592, 594, 154 A.L.R. 272; United States v. Greenstein, 2 Cir., 153 F. 2d 550, 551.

3. Although the evidence against defendant Kelinson was far from overwhelming, it was enough to support the verdict adverse to him. We have considered defendants' contentions as to other alleged errors and think them without merit.

Reversed and remanded.

---

3. See interpretation of Civil Rule 46, 28 U.S.C. in Sweeney v. United Feature Syndicate, 2 Cir., 129 F.2d 904–906; Keen v. Overseas Tankship Corp., 2 Cir., 194 F.2d 515; Pfotzer v. Aqua Systems,

2 Cir., 162 F.2d 779, 783; Moreau v. Pennsylvania R. Co., 3 Cir., 166 F.2d 543, 545; Green v. Reading Co., 3 Cir., 183 F.2d 716, 719.