## Palandro *v.* Bollinger, Appellant.

Argued October 3, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

*Preston J. McDonnell,* with him *Brandt, Riester, Brandt & Malone,* for appellant.

*Dennis C. Harrington,* with him *Gene K. Lynch,* and *McArdle, Harrington & McLaughlin,* for appellee.

OPINION BY MR. JUSTICE KEIM, November 28, 1962:

This is an appeal from order of Court of Common Pleas of Allegheny County granting plaintiff's motion for a new trial.

Plaintiff, a traffic policeman for the City of Pittsburgh, instituted suit in trespass to recover damages for injuries sustained on January 17, 1956 as a result of an accident at the intersection of Fawn Way and Moredale Street, in the City of Pittsburgh, at 4:20 P.M.

At the time of the collision, the plaintiff was on his way home riding a motorcycle with a side-car. He had been off duty since 3:45 P.M. An unidentified motorist hailed the plaintiff and pointed out an automobile ahead which she alleged forced her off the road. Plaintiff proceeded to follow this vehicle which he had in sight and in taking a short cut eventually came to the scene of impact with defendant's automobile. There were no traffic controls at the intersection. The alley and street were both covered with hard packed snow which made driving hazardous.

It is not necessary to go into details as to the facts and extent of injuries because the motion for new trial was granted because the court erred in permitting counsel for the defendant to elicit testimony from plaintiff that his full salary and all medical expenses were paid by the city during his convalescence, there being no affirmative proof that the payments were a gratuity.

The testimony in question was given by an employe of the City of Pittsburgh from the payroll auditing section who testified from his records concerning the

absence of plaintiff, the applicable rate of pay and total loss of income. In answering the questions by counsel for defendant he stated that the city paid plaintiff $921.53 for time he earned with the city and received disability from the Disability Compensation Fund in the amount of $3,657.43, from January 17, 1956 to November 4, 1956. This represents the exact amount plaintiff would have earned had he been working full time.

The plaintiff argues that he suffered incalculable harm from the admission of this evidence and that testimony concerning payment of wages and medical bills during his absence from his employment was not relevant or material to the issues at trial, and further that money or benefits from a collateral source cannot be used by a tortfeasor to reduce the special damages he must pay to one he has injured.

The verdict reads as follows: "And now, to wit: May 11, 1961, we the jurors empanelled in the above entitled case, find Both party's negligent; or a verdict for the defendant".

In view of the verdict it is apparent that the lower court was of the opinion that this evidence did undermine plaintiff's case in the eyes of the jury and the authorities cited in its opinion justify the granting of a new trial because of this error.

In the case of *Lengle v. North Lebanon Township*, 274 Pa. 51, 117 Atl. 403 (1922), the court stated the law at page 53: "There was admitted in evidence a compensation agreement under which deceased's children received compensation. Not only was the fact of an agreement admitted, but much testimony was taken showing the amount of money received under it. The offer was for the purpose of showing plaintiff could not maintain the action in right of the children. The real purpose (not part of the offer) was to convey to the jury the fact that the children were already being

taken care of under the Compensation Laws of the State, and the amount received by them. No further suggestion was necessary to convince the jury the Township should not be asked to pay more to the children or any sum in relief of the employer. Under such circumstances plaintiff's chance of recovering anything was materially injured the moment the evidence was delivered. The court endeavored to correct its mistake in its charge, but the mischief was already done . . . The evidence was not competent, in any view of the case. While the compensation act provides a certain means of relief to a person injured, or those surviving a decedent, which, from a legislative viewpoint, is ample, it cannot be regarded as representing total compensation, or that which the injured person or the decedent's dependents are entitled to receive from others than the employer causing the injury."

In the case of *Paxos v. Jarka Corporation,* 314 Pa. 148, 171 Atl. 458 (1934), Justice KEPHART said at page 152: ". . . Defendant cannot prejudice employee Strong's right to recover from a third party by parading before the jury an array of figures paid to him by his employer under the Compensation Act."

In the case of *Philadelphia v. Philadelphia Rapid Transit Company,* 337 Pa. 1, 10 A. 2d 434 (1940), at page 4, the Court held that sums paid to city firemen "were in the nature of disability compensation, similar to workmen's compensation payments and payments under an accident insurance policy and should be treated in the same manner. Such payments have always been disregarded in determining the amount of damages to which an injured plaintiff is entitled."

We are of the opinion that wages paid by the City of Pittsburgh and sums paid from Disability Compensation Fund fall within cases cited herein and because of the admission of that evidence a new trial should be granted.

Order granting a new trial affirmed.

300

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I dissent—the jury specifically found plaintiff (and defendant) were guilty of negligence. If the admission of testimony that plaintiff's full salary and all of his expenses had been paid was error, it was clearly harmless error.

Mr. Justice BENJAMIN R. JONES joins in this dissenting opinion.