Kagarise, Appellant, v. Shover.

Argued November 9, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Richard A. Zappala,* with him *Zappala & Zappala,* for appellant.

*Merle K. Evey,* with him *Patterson, Evey, Routch & Black,* for appellee.

OPINION BY HOFFMAN, J., March 23, 1971:

This case is an action for damages for injuries resulting from an automobile collision. At the trial below defendant in effect conceded his liability, and the only issue presented was the amount of damages.

Plaintiff-appellant, a teacher, testified on direct examination that she missed thirty-nine days of school as a result of the accident. On cross-examination defense counsel, over appellant's objection, elicited testimony that she was in fact paid for ten of the days she missed and had received half pay for "some of these days." On redirect examination appellant testified that her employer school district had a program ". . . akin to a sick-pay type of program where they will to an extent continue salary or income even though you were absent for a certain period from school" and that compensation was received by appellant under this "standard sick-pay type of arrangement."

Appellant's counsel on numerous occasions objected to the introduction of evidence that appellant had received pay for part of the period during which she did not work. He requested the court to take judicial notice that appellant's sick pay was paid pursuant to a State statute.[1]

---

[1] "(a) In any school year whenever a professional or temporary professional employe is prevented by illness or accidental injury from following his or her occupation, the school district shall pay to said employe for each day of absence the full salary to which the employe may be entitled as if said employe were actually engaged in the performance of duty for a period of ten days." Act of March 10, 1949, P. L. 30, §1154, as amended, 24 P.S. §11-1154. (Supp. 1970).

Appellant proved damages of $1771.55, including thirty-nine days absent from school.[2] The judge charged the jury that the loss of time from school teaching "will be for you to determine in taking together all the facts and all the testimony in the case." There was a specific objection to the reference to sick pay in the charge. The jury returned a verdict of $1,500 in appellant's favor, approximately the amount proved if the ten days of sick pay were deducted. Clearly, appellant's claim for the full thirty-nine days was disregarded.

Motions for new trial were filed, alleging, inter alia, that the verdict was grossly inadequate and that the court erred in admitting into evidence the fact that appellant had received compensation from someone other than appellee, i.e., a "collateral source." These motions were denied. Judgment was entered on the verdict and this appeal followed.

The question presented on appeal is whether the lower court properly allowed the jury to consider the fact that appellant received income from a collateral source (the school district) during her incapacity.

"The collateral source rule may be described as the judicial refusal to credit to the benefit of the wrongdoer money or services received in reparation of the injury caused which emanate from sources other than the wrongdoer." *Feeley v. United States*, 337 F. 2d 924, 926 (3d Cir. 1964). As applied in most jurisdictions the effect of this rule is that a continued salary payment by an employer to an employee, whether by contract or

---

[2] (1) Lost income from summer employment ..... $ 540.00
(2) Auto repair deductible ........  .........   100.00
(3) Lost wages as organist ..........  .......   100.00
(4) Lost income from school district
    39 days at $26.45 per day ... ..... ....   1031.55

                                               $1771.55

from generosity, is immaterial in determining damages. *Canning v. Hannaford,* 373 Mich. 41, 127 N.W. 2d 851 (1964); *Ashley v. American Automobile Ins. Co.,* 19 Wis. 2d 17, 119 N.W. 2d 359 (1963); *Leizear v. Butler,* 226 Md. 171, 172 A. 2d 518 (1961).

In the Pennsylvania case of *Philadelphia v. Philadelphia Rapid Transit Co.,* 337 Pa. 1, 10 A. 2d 434 (1940), pursuant to statute the city continued to pay an injured fireman the equivalent of his salary while he was disabled. The Court found that the sums paid were not really wages, but "[t]hey were in the nature of disability compensation, similar to workmen's compensation payments and payments under an accident insurance policy and should be treated in the same manner. Such payments have always been disregarded in determining the amount of damages to which an injured plaintiff is entitled." Id. at 4, 10 A. 2d at 435. The Court reaffirmed this principle in the more recent case of *Palandro v. Bollinger,* 409 Pa. 296, 186 A. 2d 11 (1962). (Introduction of evidence that a disabled policeman received his full pay pursuant to a statute held to be prejudicial error requiring a new trial.)

Appellant in the instant case is a school teacher, and as such is not covered by workmen's compensation. Instead the Commonwealth by statute provides for certain benefits as part of the contract under which teachers work. In return for the security of knowing that they will be compensated for a period in which they are sick, teachers have negotiated for a lower salary than they might otherwise receive. The arrangement is essentially a substitute for insurance premiums. The teachers could accept a higher salary and use the increase to pay for a separate insurance program which, instead of their employer, would pay them for days missed from school. By accepting this lower salary teachers have already contributed into the fund from

which they are paid. As with insurance premiums, the plaintiff is the original source of the payments received, and there is no double recovery. Cf. *Moidel v. Peoples Natural Gas Co.*, 397 Pa. 212, 154 A. 2d 399 (1959) ; *Littman v. Bell Tel. Co. of Pa.*, 315 Pa. 370, 172 A. 687 (1934).

In addition, appellant suffered an actual loss for the days she missed from school in the form of a reduction from her accumulated sick leave. If appellant were to miss any more days from school because of sickness or injury, she would not be compensated, though but for the accident her salary would have been continued. If appellant had already missed ten days of work prior to her injuries, the accident would have caused her to lose all her pay, and appellee would have been liable for that amount. Clearly, whether or not appellant had accumulated sick leave available should not affect appellee's obligation to pay for damages. Cf. *Mid-States Insurance Co. v. Parker*, 232 So. 2d 799 (La. App. 1970) ; *Ridilla v. Kerns*, 155 A. 2d 517 (D.C. Mun. Ct. of App. 1959).

Since the Pennsylvania collateral source rule was violated when the court permitted the jury to consider evidence that appellant was paid by her employer for some of the days she was absent, the order of the lower court is reversed and the record is remanded for a new trial limited to the question of damages.