406 A.2d 1079

Lester E. TRUMP

v.

Caroline CAPEK, Appellant.

Superior Court of Pennsylvania.

Submitted March 12, 1979.

Decided June 28, 1979.

Robert H. Griffith, York, for appellant.

Russell F. Griest, York, for appellee.

Before SPAETH, HESTER and MONTGOMERY, JJ.

SPAETH, Judge:

This is an appeal from an order granting appellee's motion for new trial. Appellee sued appellant in trespass to recover damages sustained when appellee's tractor was struck from behind by appellant's car. The jury returned a verdict in favor of appellant. The question on appeal is whether evidence of payment to appellee under a government pension plan—evidence that both sides agree was inadmissible under the collateral source rule—was so prejudicial that the trial judge's instructions to the jury to disregard it failed to protect appellee's rights adequately.

The lower court sitting *en banc* granted appellee a new trial on the basis of *Palandro v. Bollinger,* 409 Pa. 296, 186 A.2d 11 (1962), in which the Supreme Court held that it was prejudicial—and incorrigible—error for the trial judge to have admitted evidence that the city had paid the plaintiff's salary and medical expenses through disability payments. (The jury had returned a verdict for the defendant.) The Court agreed with the lower court that this evidence had undermined the plaintiff's case in the eyes of the jury. The Court relied upon *Lengle v. North Lebanon Twp.,* 274 Pa. 51, 117 A. 403 (1922). In that case the plaintiffs were children suing for damages based on the death of their father. In holding that it was error to admit evidence of an agreement under which the children had received workmen's compensation benefits, the Court said:

The real purpose (not part of the offer) was to convey to the jury the fact that the children were already being taken care of under the compensation laws of the state, and the amount received by them. No further suggestion was necessary to convince the jury the township should not be asked to pay more to the children or any sum in relief of the employer. Under such circumstances, plaintiff's chance of recovering anything was materially injured the moment the evidence was delivered. The court endeavored to correct its mistake in its charge, but the mischief was already done. Corrective instructions had little chance to get this idea out of the jurors' minds. *Id.,* 274 Pa. at 53, 117 A. at 404.

Appellant, however, cites *Downey v. Weston,* 451 Pa. 259, 301 A.2d 635 (1973), as holding that the admission of such evidence may be harmless error. In that case the plaintiff contended that the accident caused a condition called amyotropic lateral sclerosis, or ALS, which permanently disabled him. Causation of ALS was vigorously contested. Evidence was improperly admitted that for four months the plaintiff had received workmen's compensation payments for injuries stemming from a later fall that he had blamed on the ALS. The jury found the defendant negligent but awarded the plaintiff only a small amount in damages. On the plaintiff's appeal the Supreme Court held that the admission of the evidence of the compensation payments had been harmless error:

> [W]e doubt that plaintiff's claim to compensation for loss of future earning capacity for a period of sixteen years (192 months) could have been prejudiced by the jury's learning of his receipt of workmen's compensation in unspecified amounts over a period of only four months. *Id.,* 451 Pa. at 274, 301 A.2d at 644.[1]

*Downey v. Weston, supra,* shows that in some cases the jury's verdict reliably rules out the possibility that the inadmissible evidence affected the initial determination of

1. A second basis for the holding was that the jury (as both sides conceded) had found that the accident did not cause the ALS.

negligence, because that issue was resolved in favor of the plaintiff (although the evidence might impermissibly have affected the jury's determination of damages). *See also Boudwin v. Yellow Cab Co.,* 410 Pa. 31, 188 A.2d 259 (1963) (defendant negligent; evidence must have affected assessment of damages because after providing for lost wages and medical expenses, verdict left almost nothing for pain and suffering); *Kagarise v. Shover,* 218 Pa.Super. 287, 275 A.2d 855 (1971) (defendant negligent; jury awarded plaintiff damages minus exact amount of losses for which she had been compensated). Similarly, in some cases it will be just as clear that the inadmissible evidence *did* affect the determination of negligence. *See, Moidel v. Peoples Natural Gas Co.,* 397 Pa. 212, 154 A.2d 399 (1963) (jury first found defendant negligent but not liable for any damages; instructed to reconsider, found defendant not negligent). In other cases, however, such as *Palandro v. Bollinger, supra,* and *Lengle v. North Lebanon Twp., supra,* it is not possible to discern what the effect of the prejudicial evidence was. This is such a case. Unlike in *Downey v. Weston, supra,* the inadmissible evidence here pertained to a substantial part of the appellee's case, for appellee began receiving benefits as soon as he was disabled and was still receiving them at time of trial. N.T. 26. Furthermore, the jury found that appellant was not negligent. Under these circumstances we recognize the risk that the jury was undecided on the issue of negligence but, realizing that appellee had been compensated for a substantial portion of his damages, felt comfortable in resolving the question of negligence against him. It is exactly this risk that in an analogous situation bars a plaintiff from mentioning that the defendant carries insurance. In *Trimble v. Merloe,* 413 Pa. 408, 197 A.2d 457 (1964), one jury had been unable to resolve the issues of liability and damages. However, a second jury, which heard evidence of insurance, returned a verdict of $47,000 for the plaintiff. The Supreme Court said:

Of this verdict the lower court noted: "The question as to liability was close and not clear. First, as to the negligence of the [Defendant], and second, as to the contributo-

ry negligence of the [Plaintiff], and the mention of insurance may have been a determining factor in deciding liability or as to the amount of the verdict awarded. *   * "

*Id.,* 413 Pa. at 411, 197 A.2d at 458–59.

In such circumstances, the Court added, the jury

is invited to disregard its oath to try the case on its merits and to substitute therefor not a consideration of liability or actual damages, but rather whether the defendant will suffer as the result of a large verdict.

*Id.,* 413 Pa. at 413, 197 A.2d at 459.

Since these considerations apply as well to the evidence admitted against appellee in this case, and since we are unable to discern the effect of that evidence, we hold that the lower court was correct in ordering a new trial.

Affirmed.