529 A.2d 504

**Louis C. BOSCIA, II and Robin Boscia, His Wife**

**v.**

**Joseph A. MASSARO, Jr., and Carolyn Massaro, His Wife: Oliver Realty, Inc., a Corporation and Schindler-Haughton Elevator Company, a Corporation.**

**Appeal of SCHINDLER–HAUGHTON ELEVATOR COMPANY.**

Superior Court of Pennsylvania.

Argued Dec. 3, 1986.

Filed July 27, 1987.

272

S. Asher Winikoff, Pittsburgh, for appellant.

James A. Ashton, Pittsburgh, for Boscia, appellees.

Before CIRILLO, P.J., and ROWLEY, and POPOVICH, JJ.

CIRILLO, President Judge:

This is an appeal challenging the grant of a new trial by the Court of Common Pleas of Allegheny County. We affirm.

On June 21, 1982, appellee Louis Boscia, was employed as an Investment Certificate Supervisor by the Signal Finance Corporation. He worked out of a newly constructed building owned by Joseph and Carolyn Massaro and managed by Oliver Realty Inc. The building was serviced by two hydraulic elevators which had been manufactured, sold and installed by appellant, Schindler-Haughton Elevator Company.

At trial, Mr. Boscia alleged that at 6:30 a.m. on that day, he entered the building and pressed the button to call an elevator. The elevator door opened and Mr. Boscia stepped forward expecting to enter the elevator car. Instead, he plunged into the elevator shaft, falling about four feet and striking his head and back on machinery in the elevator pit. Mr. Boscia suffered serious personal injuries as a result of his fall. He brought an action alleging strict liability and negligence, claiming that the elevator car had been stuck between floors at a higher level. The Massaros and Oliver Realty were removed from the case by joint tort-feasor release agreements and the case proceeded solely against appellant Schindler-Haughton Elevator Company. On February 5, 1985, after a three week trial, the jury entered a verdict for Schindler-Haughton. On February 12th, appellee filed post-trial motions alleging numerous instances of prejudice and requesting a new trial. Appellee complained that appellants improperly introduced evidence relating to Mr. Boscia's receipt of Workmen's Compensation benefits. Appellee later filed additional post-trial motions on July 30, 1985. The trial court considered these motions even though they were filed well beyond the ten day period mandated by Rule 227.1. See Pa.R.C.P. 227.1. In its opinion granting

appellee a new trial, the trial court cited various prejudicial questions and remarks heard by the jury. However, the learned judge stated that he would have granted a new trial solely because the jury heard testimony concerning Boscia's Workmen's Compensation payments.

Appellant presents six issues for our review: (1) whether the trial court erred in granting a new trial for harmless error; (2) whether the court erred in considering issues not preserved through timely post-trial motions; (3) whether the court erred by considering issues which were not properly preserved at trial; (4) whether the court erred in ruling that certain questions presented to witnesses were improper; (5) whether any error was cured by the court's jury charge; and (6) whether the court abused its discretion by awarding a new trial. Based on the following discussion, we find it unnecessary to address each of these issues separately. We agree with the trial court that the interjection of Workmen's Compensation into evidence was sufficient reason to grant a new trial and we uphold the court's decision on that basis alone.

■ A trial judge may grant a new trial if he finds that improperly admitted evidence or improper statements made by counsel may have prejudiced the jury. *Hilbert v. Katz*, 309 Pa.Super. 466, 470, 455 A.2d 704, 706 (1983). An appellate court may only reverse in such a case if the trial judge is guilty of a gross abuse of discretion. *Harvey v. Hassinger*, 315 Pa.Super. 97, 106, 461 A.2d 814, 819 (1983).

In *Thompson v. City of Philadelphia*, 507 Pa. 592, 493 A.2d 669 (1985), our Supreme Court explained the process by which an appellate court must determine this issue. *Id.*, 507 Pa. at 599, 493 A.2d at 673. As Justice McDermott stated:

In reviewing the entire record to determine the propriety of a new trial, an appellate court must first determine whether the trial judge's reasons and factual basis can be supported. Unless there are facts and inferences of record that disclose a palpable abuse of discretion, the trial judge's reasons should prevail. It is not the place of

an appellate court to invade the trial judge's discretion any more than a trial judge may invade the province of a jury, unless both or either have palpably abused their function.

*Id.*, 507 Pa. at 599–600, 493 A.2d at 673.

In the instant case, the trial judge stated that: "[t]he injection of Workmen's Compensation into the case was itself sufficiently damaging to warrant relief." We agree.

In *Lobalzo v. Varoli*, 409 Pa. 15, 185 A.2d 557 (1962), a truckdriver employed by United Parcel Service was injured in a collision with another truck. He brought suit for alleged negligence and at trial evidence was introduced concerning his receipt of Workmen's Compensation. The jury returned a verdict for the defendants and plaintiff appealed. Our Supreme Court reversed, holding that the introduction of evidence concerning Workmen's Compensation required that a new trial be granted. The court stated that such evidence has traditionally been inadmissible because it may cause the jury to believe that a plaintiff is seeking double payment for one injury. *Id.*, 409 Pa. at 20, 185 A.2d at 560–61.

In the instant case, appellant's counsel continuously attempted to bring Mr. Boscia's receipt of Workmen's Compensation before the jury. Appellant twice mentioned the subject by implication. These passing references were probably unnoticed by the jury and were unobjected to. The next instance was hardly so innocent. In cross-examining Mr. Boscia's employer, James Shearer, counsel asked whether Shearer was cooperating with Boscia "because your company has a Workmen's Compensation lien that they can collect in this case." Appellee objected to counsel's line of questioning and the court ruled the queries stricken from the record. Even so, during recross examination of Dr. Donna Knupp, appellee's family physician, appellant's counsel asked: "You are aware, are you not, that all of these future costs will be paid by his Workmen's Compensation carrier?"

Again, Mr. Boscia's counsel vigorously objected. In his excellent opinion, the learned trial judge concluded that such remarks were so inherently prejudicial that a new trial was warranted. Applying the standard enunciated in *Thompson* we must uphold this determination.

■ As demonstrated above, the record shows that evidence of Workmen's Compensation was clearly but improperly placed before the jury. As discussed in *Lobalzo*, such evidence is prejudicial because a jury may conclude that a litigant is seeking double redress for one injury. *See Lobalzo*, 409 Pa. at 20, 185 A.2d at 560–61. Therefore, the trial judge's reasons for granting a new trial are supported by the record and we find no "palpable abuse of discretion." *Thompson*, 507 Pa. at 600, 493 A.2d at 673.

■ We note that this issue was preserved for post-trial review as required by Rule 227.1 of the Pennsylvania Rules of Civil Procedure. Counsel objected to introduction of the evidence at trial and also raised the issue in a timely post-trial motion filed seven days after the jury returned its verdict.[1] Appellant argues that Mr. Boscia waived his right to object on this issue because his counsel failed to protest the earlier comments on the subject. Even assuming, arguendo, that such earlier comments actually introduced the issue, we must still reject appellant's contention. "[T]he fact that incompetent, irrelevant and immaterial evidence may be introduced at trial by one party, without objection from the other party, because he may deem it of no importance and harmless, does not prevent the latter from objecting to the further introduction and elaboration of such evidence when he is of the opinion that it is both important and harmful." *Bobereski, Adm. v. Ins. Co. of Pa.*, 105 Pa.Super. 585, 161 A. 412 (1932). *See* Standard Pa. Practice 2d § 56:5 (effect of failure to object). In the instant case,

---

1. We wish to emphasize that our decision should not be construed as either approval or disapproval of the trial court's consideration of post-trial motions which were not filed within the ten-day period required under Rule 227.1.

counsel properly objected when he believed that the improper evidence had become important and harmful.

Appellant claims that this objection was sustained and that the appellees requested no further relief such as a cautionary instruction. Appellant cites *Tagnani v. Lew*, 493 Pa. 371, 426 A.2d 595 (1981) as authority for the proposition that post-trial relief is unavailable on the basis of a sustained objection for which no further relief was sought at trial. *See id.*, 493 Pa. at 373, 426 A.2d at 597. Appellant has correctly paraphrased the *Tagnani* court's holding, but such holding has no relevancy to the instant case. Mr. Boscia's counsel did object to the question asked of Dr. Knupp. However, the trial court did not sustain this objection. The court stated that it would reserve its ruling on the issue but appellant has not referred us to any portion of the record which indicates that such ruling was ever made. Therefore, the above-cited aspect of *Tagnani* is simply inapplicable to this case.

■ It is the generally accepted practice that when a court admits evidence subject to an objection, thereby reserving its ruling on that objection, the objecting party must later request a ruling or the issue will be deemed waived. *See* Standard Pa. Practice 2d § 56:7.

To comply with this rule, the plaintiff-appellee should have requested a ruling on his objection before allowing the case to go to the jury. Because appellee failed to make such a request, he might not have been entitled to a new trial based on the grounds asserted in the objection. But, appellant has not raised this issue on appeal. He has discussed only the need for appellee to request a cautionary instruction before requesting a new trial based on an issue raised in an objection which the court sustained. As discussed above, this is a mischaracterization of the facts. The objection in question was not sustained. Appellant has not discussed a party's obligation when evidence is admitted "subject to objection." We will not adjudicate issues which the parties have not presented for our review. *Commonwealth v. Unger*, 494 Pa. 592, 432 A.2d 146 (1980).

We also note that the above-cited rule is not universally followed. *See cases collected,* Anno. 88 A.L.R.2d 12 §§ 7, 12, 18, 19 (1986). In *Moreau v. Penna. R. Co.,* 166 F.2d 543 (3d Cir.1948), the Third Circuit adopted the minority position. The plaintiff in *Moreau* objected to the trial court's instruction on the issue of contributory negligence. The court failed to rule on the objection and the plaintiff failed to re-assert it. The Court of Appeals allowed the plaintiff to raise the issue on appeal, holding that the original, unruled upon objection preserved the issue. *Id.* There is no Pennsylvania case directly on point. It would be inappropriate for us to determine an issue of first impression which has not been raised and briefed by the parties.

Appellant also claims that whatever improper evidence may have been admitted was cured by the court's charge to the jury. Though an appropriate charge may correct harmful error, improperly admitted evidence may be so prejudicial that a new trial is required. *Trump v. Capek,* 267 Pa.Super. 355, 358, 406 A.2d 1079, 1081 (1979). In *Trump,* evidence that an injured plaintiff had already received government payments related to his injury was improperly introduced. We held that this evidence was so prejudicial that the trial judge's instruction to the jury to disregard it failed to adequately protect the plaintiff's rights. *Id.* We held that where the inadmissible evidence is pertinent to a substantial portion of the case and a reviewing court is unable to determine the effect of the evidence upon the jury, a cautionary instruction may not cure the error. *Id.,* 267 Pa.Superior Ct. at 358–59, 406 A.2d at 1081. In the case before us, the jury might have reasonably believed that Mr. Boscia had already been fully compensated for his injuries. This belief might have led them to resolve any doubts concerning liability in appellant's favor. Therefore, the court's charge may not have corrected the error and the prejudicial nature of the evidence mandates that we approve the grant of a new trial.

However, we recognize that a jury's verdict should not be casually overturned. In our system of justice, the jury is

sacrosanct and its importance is unquestioned. The members of a jury see and hear the witnesses as they testify. They watch them as they sweat, stutter, or swagger under the pressure of cross-examination. This enables the jury to develop a feel for the case and its personal dynamics which cannot be conveyed by the cold printed page of a record reproduced for appellate review. But, the trust our system places in the jury's wisdom is not unchecked. The rules of evidence have been arduously developed over hundreds of years in order to provide such a check. These rules prevent jurors from considering facts which might inflame their prejudices but which are irrelevant to the actual case before them. A skillful and zealous advocate is often able to sidestep the technical letter of the rules and enter some evidence which should have been excluded. When such maneuvering threatens the overall fairness of the proceeding, the trial judge should order a new trial. We must afford the judge great discretion in making this decision because he too is present in the courtroom as the evidence is presented. As does the jury, he develops a feel for the human pulse of the case. In short, our seemingly simple decision to uphold the grant of a new trial is actually the end result of a highly complex process involving the interaction of judge, jury, and attorneys. This process has developed over centuries and its complicated dynamics belie its surface simplicity. However, the greatest tribute to its success is probably the extent to which we take it for granted as the ultimate guarantor of justice.

Judgment granting a new trial is affirmed.

ROWLEY, J. files a concurring statement.

POPOVICH, J. concurs in result.

ROWLEY, Judge, concurring:

I agree with the result reached by the majority that the order granting a new trial should be affirmed. My review of the record, including the trial court's opinion and consideration of those issues properly preserved for appellate

review, fails to disclose any abuse of discretion by the trial court. Therefore, I would affirm.