**Todd LEE**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY,
Appellant.**

Commonwealth Court of Pennsylvania.

Argued Oct. 6, 1997.

Decided Dec. 9, 1997.

Bradley K. Moss, Philadelphia, for appellant.

Philip L. Blackman, Philadelphia, for appellee.

Before DOYLE and FLAHERTY, JJ., and JIULIANTE, Senior Judge.

FLAHERTY, Judge.

The Southeastern Pennsylvania Transportation Authority (SEPTA) appeals from the July 22, 1996 order of the Court of Common Pleas of Philadelphia which granted Todd Lee's (Lee) post trial motion for a new trial based upon the conduct of SEPTA's counsel during the course of the trial. We affirm.

On September 8, 1992, Lee was aboard a SEPTA bus which was in an accident with another vehicle. Lee claims that as a result of the bus driver slamming on the brakes, Lee was injured when he was thrown forward and fell down. Lee instituted suit against SEPTA.

At trial, SEPTA's counsel attempted to bring before the jury that Lee had allegedly made prior false claims against SEPTA, including a claim that Lee was on a bus involved in an accident on August 20, 1992. Without introducing any evidence of this prior claim, SEPTA's counsel asked Lee upon cross examination:

Q. Now Mr. Lee isn't it true that you never pursued that claim against SEPTA for the August 20th, 1992 accident because SEPTA had information that you had boarded the bus after the accident took place?

(N.T. 10/18/95, p. 66). Following a prompt objection, the trial court declared a recess, sustained Lee's objection and asked SEPTA's counsel to explain the purpose of the question. After the jury was brought back into the courtroom, the trial judge gave a cautionary instruction, directing the jury to disregard the last question asked.

Yet a second time, SEPTA's counsel attempted to ask substantially the same question of Lee. Lee's counsel objected again and moved for a mistrial. The trial court again instructed the jury to disregard the last question and caused the jury to leave the courtroom. The trial court then engaged in a colloquy with SEPTA's attorney, requesting that he explain to the court how this last question was any different from the first time. After arguments by attorneys for both SEPTA and Lee, the trial court addressed SEPTA's attorney as follows:

You deliberately tried to evade the ruling of the Court when I told you point blank I am not going to let information come in

before the jury unless it becomes relevant for some other reason.

At this stage, I gave the jury a cautionary instruction to disregard the earlier question. I didn't want to mention what the question was because I didn't want to reaffirm it in their minds, but then you asked virtually the same question.

I don't know if that was done out of gross ignorance or whether it was a deliberate attempt to try and fool me. You are not going to fool me. I have been around a long time. I am not going to allow you to get away with something like that. Do you understand that? ... I regard your conduct as being atrocious in that regard. It amounts to virtual contempt of court. I will give that some further thought.

(N.T., 10/18/95, pp. 135—137). The court adjourned for the day and reconvened the following day. The court denied Lee's outstanding motion for a mistrial but ordered SEPTA's counsel not to mention anything about a prior claim against SEPTA, cautioning SEPTA's counsel that "if you mention that without first getting clearance from me to do it, ... I will regard that as direct contempt of court. Do you understand that?" (N.T., 10/19/95, p. 3).

Subsequently, the jury was called into the courtroom and the trial judge again issued a cautionary instruction to them to disregard the last question which SEPTA's counsel had asked. Once again, Lee took the stand and SEPTA's counsel continued his cross examination. SEPTA's counsel asked Lee about prior injuries Lee had sustained unrelated to the current case for the inference that Lee's current claims of pain are related not to the current accident but rather to past incidents. These injuries were allegedly sustained in previous accidents involving Lee and SEPTA. Then SEPTA's counsel asked Lee about claims he allegedly made against SEPTA other than the August 22, 1992 claim and the instant claim. Again Lee's counsel objected and moved for a mistrial. The trial court called a sidebar conference. During the course of the sidebar, counsel and the court discussed medical records concerning alleged injuries sustained by Lee unrelated to the instant case but related to other inci-

dents involving Lee and SEPTA. The trial court indicated that SEPTA's counsel could cross examine Lee about any treatment he had received for prior injuries but the trial court instructed SEPTA's counsel as follows:

Look, I am going to issue one more direct order. I do not want you to refer to any other claims against SEPTA, period, without first clearing it with me. If you do, you are going to be in direct contempt of court and I am going to come down hard on you. Do you understand that?

(N.T., 10/19/95, pp. 9–10). SEPTA's attorney indicated that he understood. Again the trial court denied Lee's motion for a mistrial and issued an instruction to the jury to disregard the last question.

In open court, the trial judge asked SEPTA's attorney about Lee's medical records which were discussed during the sidebar. The trial judge asked: "Do you have any of those records that you just referred to a moment ago?" The SEPTA attorney stated, "Your Honor, I will bring my claims officer over to bring the other files." After Lee's attorney objected, the judge dismissed the jury from the courtroom and held the SEPTA attorney in contempt. The trial court found as a fact that SEPTA's attorney was intentionally ignoring the trial court's orders.

In addition to the foregoing, during the closing arguments, SEPTA's attorney made reference to portions of an accident report given by the SEPTA bus driver which were not in evidence. The trial court specifically instructed counsel to make no reference to the portions which had not been put into evidence. Notwithstanding this instruction, the SEPTA attorney began to refer to portions of that report which had not been put into evidence. At a sidebar, the trial court admonished the SEPTA attorney.

The jury returned a verdict for SEPTA. The trial court granted Lee's motion for a new trial based upon a finding that notwithstanding the trial court's curative instructions, the conduct of SEPTA's attorney in referring to other claims by Lee against SEPTA caused prejudice to Lee rendering the trial unfair and warranting a new trial.

The sole issue which SEPTA presents is whether the trial court abused its discretion by granting a new trial based upon the conduct of SEPTA's trial counsel.

Preliminarily, we note that the grant of a new trial will not be reversed on appeal unless the trial court committed a clear abuse of discretion or error of law which controlled the outcome of the case. *Spang & Co. v. U.S. Steel Corp.*, 519 Pa. 14, 545 A.2d 861 (1988). Moreover, when considering whether the record supports the trial court's decision to grant a new trial, an appellate court will generally defer to the trial court's judgment because by virtue of its position, the trial court is uniquely qualified to determine factual matters and, thus, where the record supports the trial court's reasons for the grant of a new trial, the court did not abuse its discretion. *See Coker v. S.M. Flickinger Co. Inc.*, 533 Pa. 441, 625 A.2d 1181 (1993).

Initially, SEPTA argues that because the trial court denied Lee's motions for a mistrial during the trial, the trial court essentially found that there was not incurable prejudice and, therefore, should not be allowed after the verdict to find incurable prejudice and thereby grant a new trial. However, SEPTA points to no legal authority or offers no reason in logic to support such an argument. It is reasonable that after any given instance of misconduct and the giving of a curative instruction, a trial court may feel that denial of the motion for mistrial was appropriate and feel that such instruction was adequate to cure any prejudice but upon further reflection and after trial, taking the "whole picture" under consideration, the trial court could nevertheless reasonably conclude that the cumulative effect of the prejudicial remarks outweighed the cumulative effect of the cautionary instructions and thus properly grant a new trial. Such post trial reflection and consideration is obviously within the contemplation of the post trial motion procedure of the Rules of Civil Procedure which is framed to give the trial judge an opportunity to review, research and correct the numerous difficult impromptu trial decisions before they are submitted for review on appeal.

SEPTA next argues that the questions which counsel asked were not prejudicial and even if they were prejudicial, any prejudice was cured by the trial court's cautionary instructions. However, SEPTA's assertion that the questions by its counsel were not prejudicial, is merely that, a bald assertion and not an argument which needs be addressed by this court. The trial court, being in the best position to witness the effect of these questions and of its curative instructions on the jury, was best situated to decide whether the questions were prejudicial or not and whether the cumulative effect of the prejudicial remarks by SEPTA's counsel were adequately cured or not by the cautionary instructions given to the jury.

Finally, SEPTA argues that there is adequate support in the record for the jury's verdict. However, as Lee correctly points out, a motion for a new trial does not test the verdict itself, but rather the legal proceedings resulting in the verdict, and the basis of a new trial motion is not that the verdict is unsupported by sufficient evidence, but that an alleged trial error affected the verdict, citing, *Graham v. Sky Haven Coal, Inc.*, 386 Pa. Superior Ct. 598, 604, 563 A.2d 891, 894 (1989). This disposes of SEPTA's argument that there is sufficient evidence to support the jury's verdict. The issue is not whether there is sufficient evidence to support the verdict, rather, the issue is did the conduct of counsel render the proceedings sufficiently unfair that notwithstanding the sufficient evidence to support the verdict, a new trial ought to be granted so as to afford the litigant a fair trial.

Lee argues that the grant of the new trial was proper. As stated in *Boscia v. Massaro*, 365 Pa. Superior Ct. 271, 274, 529 A.2d 504, 505 (1987), *appeal denied*, 517 Pa. 620, 538 A.2d 874 (1988), a "trial judge may grant a new trial if he finds that ... improper statements made by counsel may have prejudiced the jury." In this case, we conclude that the conduct of SEPTA's counsel when he repeatedly brought up the unrelated alleged claims by Lee against SEPTA and where he tried to refer to matters not of record supports the trial court's finding of prejudice against Lee warranting the grant

of a new trial which did not constitute an abuse of discretion nor an error of law by the trial court.

Accordingly, the order of the trial court granting a new trial is affirmed.

### ORDER

Now, December 9, 1997, the order of the Court of Common Pleas of Philadelphia, Civil Division, at No. 4465, August Term, 1994, dated July 22, 1996, is affirmed.

LEADBETTER, J., did not participate in the decision in this case.