455 A.2d 704

**Anahid HILBERT and Michael F. Hilbert**

v.

**Jacob M. KATZ, Appellant.**

Superior Court of Pennsylvania.

Argued March 2, 1982.

Filed Jan. 21, 1983.

Petition for Allowance of Appeal
Denied May 31, 1983.

Howard A. Davis, Philadelphia, for appellant.

Eugene A. Spector, Philadelphia, for appellees.

Before WIEAND, BECK and HOFFMAN, JJ.

PER CURIAM:

Anahid Hilbert sued Jacob Katz in trespass for injuries sustained when Katz's automobile hit her vehicle in a collision in Hatboro on May 4, 1978. At a jury trial in 1980 a verdict was returned in favor of Katz and Hilbert filed post trial motions for judgment *non obstante veredicto* and a new trial. In July 1981 the lower court granted the appellee Hilbert's motion for a new trial "because of the uncertainty as to the basis for the verdict" and from this order Katz now appeals.

At trial it was established that Hilbert was travelling west on Montgomery Avenue in Hatboro Township, just west of the intersection of Montgomery Avenue and York Road. At the time of the collision Katz was entering Montgomery Avenue from the driveway of a bank located on the southside of Montgomery, and was turning eastward. The front left of his car hit the rear left of Hilbert's car. Each party claims to have been on the correct side of an imaginary line on Montgomery Avenue that separates eastward from westward traffic.

Appellee did not notice or complain of any injury at the time of the accident. However, she introduced expert medical testimony to establish that the impact of the collision revived a 1973 injury to her left neck and shoulder, which had been asymptomatic prior to the 1978 accident, resulting in pain, loss of movement, and deterioration of the cervical spine. Appellant did not introduce rebuttal expert witness, choosing to rely instead on cross-examination of Hilbert's medical expert.

The case was tried under 42 Pa.C.S. 7102 [1], the comparative negligence statute. In conformity with the statute, the jury answered special interrogatories as follows:

1. § 7102. Comparative negligence
  (a) General rule.—In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any

"Question 1:
Do you find that the defendant was negligent?
        Yes ___x___   No _____
If you answer Question 1 'No' you should not answer any further
questions and should return to the courtroom.

"Question 2:
Was the defendant's negligence a substantial factor in bringing about the
plaintiff's harm?
        Yes _____   No ___x___
If you answer Question 2 'No' you should not answer any further questions
and should return to the courtroom.

"Question 3:
Was the plaintiff contributorily negligent?
        Yes _____   No _____

"Question 4:
If you answered Question 3 'Yes', was the contributory negligence of the
plaintiff a substantial factor in bringing about her harm?
        Yes _____   No _____ "

Appellant contends that the jury verdict which found that
he was negligent, but that his negligence was not a sub-
stantial factor in bringing about the plaintiff's harm, was
not against the weight of the evidence. He further claims
that a new trial should not be granted because the lower
court is uncertain as to the basis of the jury verdict.

The decision to grant or deny a motion for a new trial is
within the discretion of the trial judge and is reviewable
only as abuse of discretion. *Myers v. Gold,* 277 Pa.Super.
66, 419 A.2d 663 (1980), *Macina v. McAdams,* 280 Pa.Super.
115, 421 A.2d 432 (1980). "Within the discretion of the trial
court" does not explain the correct standards for the lower
court and is a correspondingly insufficient guide for our
own scope of review to determine "abuse of discretion."
Therefore, before any rational decision can be given at the
appellate level, the reviewing court must know what stan-

damages sustained by the plaintiff shall be diminished in proportion
to the amount of negligence attributed to plaintiff.

dards the trial judge is bound to apply when ruling on a motion for a new trial.

We begin by distinguishing the obligations of the trial court in ruling on motions for judgment *non obstante verdicto* and for a new trial. In a motion for judgment *n.o.v.* the standard of review is well settled. "A judgment *n.o.v.* should be entered only in a clear case, and any doubts should be resolved in favor of the verdict ... In considering a motion for judgment *n.o.v.*, the evidence together with all reasonable inferences therefrom, is considered in the light most favorable to the verdict winner." *Atkins v. Urban Redevelp. Auth. of Pittsburgh*, 489 Pa. 344, 351, 414 A.2d 100, 103 (1980) (citations omitted).

When a trial judge rules on a motion for a new trial, it is his duty to review the entire record and he is free to weigh the evidence for himself in order to determine whether the verdict is against the clear weight of the evidence or whether the judicial process has effected a serious injustice. *Lamb v. Gibson*, 274 Pa.Super. 7, 417 A.2d 1224 (1980). We are guided by the standards which have been set by the Third Circuit controlling the grant of a new trial. Broader discretion is given to the trial court if a new trial is granted because the lower court concluded that evidence was improperly admitted, or because prejudicial statements were made by counsel, or some other pernicious element has occurred during trial. When no such undesireable element has entered the judicial process, and the new trial order results from the trial court's belief that the verdict was against the weight of the evidence, the lower court's discretion is more circumscribed.

We also distinguish the situations where the trial court has granted a new trial on the grounds of insufficiency of the evidence from those situations in which the new trial is denied. In granting a new trial the court is, in a sense, intruding upon the jury's function in a way that is not true when the court denies a new trial and, in so doing, upholds the decision of the jury in the face of challenge.

We therefore believe that an appellate court may be more exacting in reviewing a new trial grant than in reviewing a new trial denial. *Lind v. Schenley Industries, Inc.*, 278 F.2d 79 (3d Cir.1960), cert. denied, 364 U.S. 835, 81 S.Ct. 58, 5 L.Ed.2d 60 (1960), *Grove v. Dun and Bradstreet, Inc.*, 438 F.2d 433 (3d Cir.1971), *Hourston v. Harvlan, Inc.*, 457 F.2d 1105 (3d Cir.1972). A new trial may not be granted merely because the trial court believes the jury should have decided differently. It should not be granted because the evidence is conflicting and the jury could have decided for either party. *Troutman v. Taub*, 285 Pa.Super. 353, 427 A.2d 673 (1981), *Macina v. McAdams, supra*, and cases cited therein.

In the case at bar, the jury answered that the defendant was negligent, but that his negligence was not a substantial factor in bringing about the plaintiff's harm. Therefore they did not answer the ensuing questions on plaintiff's culpability. In so doing, they followed the explicit instructions on the interrogatory and the oral instructions of the court's charge (R. 421a). In its opinion, however, the court maintained that the failure to answer the following questions left it unclear whether the jury believed the plaintiff's own negligence was of such a quality to match or exceed the negligence of the defendant. "Hindsight instructs us that the jury should have been instructed to answer the remaining interrogatories" (R. 11).

The trial court maintains that the weight of the evidence contradicts answer 2 of the interrogatory and that the basis for the jury's verdict is unclear because they did not answer questions 3 and 4. We disagree. Uncertainty as to the underlying reason for the jury's verdict (the position taken on the trial court's order) is not a valid reason for granting a new trial. However, even if the reason on the order is insufficient, we still look to the opinion as a whole when making our review. An insufficient reason will not invalidate the lower court's action unless that reason is the only reason which is given. *Macina v. McAdams, supra*. We therefore examine the court's objection to the jury's finding that the defendant's negligence was not a substantial factor

in bringing about the plaintiff's harm, a finding that the court characterized as "arbitrary and capricious" (R. 9).

▮ The accident occurred on a two-way thoroughfare which is thirty feet wide. The driveway from which Katz exited enters Montgomery Avenue at a point where the street curves, and the view from the bank's driveway is partially obstructed by hedges on the bank's property (R. 151a, 237–9a). Katz came to a stop before exiting, looked both ways, and proceeded slowly into the public street. He testified that at no point did his car come over the center of Montgomery Avenue prior to impact (R. 157a, 189a, 190a).

We believe the jury's finding that Katz was negligent, but that his negligence was not a substantial cause of Hilbert's harm, does not contradict the weight of the evidence "as to shock one's sense of justice." *Ditz v. Marshall*, 259 Pa.Super. 31, 393 A.2d 701, (1978), *Albert v. Alter*, 252 Pa.Super. 203, 381 A.2d 459 (1977).

We have maintained that our duty is to apply a stricter scrutiny in those cases where the trial court grants a new trial because he believes the jury verdict is against the weight of the evidence. We believe this is especially true when the litigation deals with subject matter and circumstances that are familiar and well within the ordinary juror's experience and knowledge. *Lind, supra.* In cases such as the instant one, concerned with a two-car collision on a two-way street, we give greater deference to the verdict of the jury than we might otherwise do, in a case dealing with highly specialized, technical, or unusual matter. We thus protect the right to jury trial and defer to the time-honored wisdom of the jurors.

In a review of all the evidence we do not believe that the verdict is against the clear weight of the evidence, or that it has effected a serious injustice. The order of the lower court is reversed, and we remand for proceedings consistent with this opinion.

WIEAND and HOFFMAN, JJ., concur in the result.