Magdalena **KRUCZKOWSKA**, Appellant,

v.

Grace M. **WINTER**, Appellee.

Superior Court of Pennsylvania.

Argued July 27, 2000.
Filed Dec. 18, 2000.

---

Bruce G. Cassidy, Philadelphia, for appellant.

Paul G. Kork, Philadelphia, for appellee.

Before JOYCE, LALLY–GREEN and BECK, JJ.

BECK, J.:

¶ 1 Appellant, Magdalena Kruczkowska, appeals from the order of February 22, 2000, which denied her motion for post-trial relief, and entered judgment in favor of appellee, Grace M. Winter. Kruczkowska argues the jury's verdict was against the weight of the evidence. For the reasons that follow, we reverse.

¶ 2 This case arises from a motor vehicle accident that occurred on October 2, 1994. A vehicle driven by Winter collided with a bicycle operated by Kruczkowska as Winter was pulling out of a parking lot. At a jury trial, the parties disagreed about whether Kruczkowska's bicycle ran into Winter's vehicle or whether Winter's vehicle hit Kruczkowska on her bicycle. Winter testified that from the exit driveway of the parking lot she intended to make a left hand turn onto the roadway. She testified that when she looked to her left on the roadway she did not see Kruczkowska on her bicycle. As she was looking to her right, Winter testified a driver of another vehicle traveling on the roadway waved her onto the street. Before looking to her left Winter proceeded onto the roadway and at that point the collision occurred. Kruczkowska testified that she first saw Winter's vehicle stopped in the exit driveway from a distance of approximately thirty-three feet away. She stated that she saw Winter look away from her direction to the right but proceeded down the roadway. Kruczkowska maintained that as she crossed the exit driveway, Winter moved forward striking her and the bicycle. On cross-examination, Kruczkowska stated she did not make any attempts to go around the car even though she could have ridden her bicycle into the driveway to go behind Winter's vehicle and proceed back onto the roadway.

¶ 3 Both parties' testimony revealed that upon impact, Winter exited her vehicle and Kruczkowska asked her to get back into her vehicle to move the car that was stopped on Kruczkowska's foot. Following the accident, Kruczkowska was taken to the emergency room. X-rays revealed no bone fractures in her foot or her ankle. Kruczkowska's foot was treated with ice packs and she was released that day. Kruczkowska sought further treatment on October 11, 1994 with the Home Medical Center. She subsequently consulted Necmi Gurkaynak, M.D., on January 18, 1995, who treated her on three occasions until May 1995.

¶ 4 Kruczkowska's medical expert, Dr. Gurkaynak, testified via videotape deposition. He testified Kruczkowska suffered from thoracic sprain and strain, lumbosacral sprain and strain and a contusion to the right hip and foot as a result of the accident. Winter did not present a medical expert. Regarding her injuries, Kruczkowska testified that immediately after the accident her foot was very sore and swollen, and that upon leaving the hospital she could hardly walk. She further testified her pain lasted over a year, and that she was unable to play sports due to her pain.

¶ 5 Following a two-day trial, the jury returned a verdict in favor of Winter and against Kruczkowska. In response to special interrogatories, the jury found that Winter was negligent but that her negligence was not a substantial factor in bringing about harm to Kruczkowska. As a result of its negative response to the second interrogatory, the jury did not answer questions regarding contributory or comparative negligence. Kruczkowska filed post-trial motions. By order dated January 18, 2000, the trial court denied Kruczkowska's post-trial motions and entered judgment. In its opinion the trial court found the fact that Kruczkowska suffered some injuries was irrelevant to the jury's conclusion that Winter's negligence was not a substantial factor in causing the injuries. Trial Court Opinion, 2/22/00, at 2. The court referred to evidence that could have caused the jury to determine comparative negligence on Kruczkowska's part, stating that such evidence was sufficient to justify the jury's determination. *Id.* This appeal followed.

¶ 6 Kruczkowska argues the jury's verdict was against the weight of the evidence. Our standard of review in denying a motion for a new trial is to decide whether the trial court committed an error of law which controlled the outcome of the case or committed an abuse of discretion. *Randt v. Abex Corporation,* 448 Pa.Super. 224, 671 A.2d 228, 232 (1996). A new trial will be granted on the grounds that the verdict is against the weight of the evidence where the verdict is so contrary to the evidence it shocks one's sense of justice. *Watson v. American Home Assurance Company,* 454 Pa.Super. 293, 685 A.2d 194, 198 (1996), *appeal denied,* 549 Pa. 704, 700 A.2d 443 (1997). An appellant is not entitled to a new trial where the evidence is conflicting and the finder of fact could have decided either way. *Id.*

¶ 7 Kruczkowska specifically claims that because the jury found Winter was negligent and there was uncontradicted evidence she suffered injuries in the accident, the jury's determination that Winter's negligence was not a substantial factor in causing her harm was against the weight of the evidence. In support of her argument, Kruczkowska relies on *Craft v. Hetherly,* 700 A.2d 520 (Pa.Super.1997). In *Craft,* the plaintiff and defendant were involved in a motor vehicle accident. At trial, both parties presented expert medical testimony regarding the nature of plaintiff's injuries. The medical experts testified that plaintiff was injured as a result of the accident and differed only with regard to the severity and duration of the injuries. In response to interrogatories, the jury found the defendant was negligent in causing the accident, but found that the negligence was not a substantial factor in causing plaintiff's injuries. On appeal, this Court affirmed the trial court's grant of a new trial based upon its finding the verdict was against the weight of the evidence. *See also Hixson v. Barlow,* 723 A.2d 716 (Pa.Super.1999), *approved on these grounds, disapproved on different grounds, Mano v. Madden,* 738 A.2d 493 (Pa.Super.1999)(*en banc* )(upholding award of new trial where liability was conceded and both defense and plaintiff's experts agreed that plaintiff, who had pre-existing medical injuries, suffered distinct injuries as a result of the accident); *Lewis v. Evans,* 456 Pa.Super. 285, 690 A.2d 291 (1997)(affirming trial court's grant of a new trial on the issue of damages when defense and plaintiff's expert witnesses agreed that plaintiff suffered injuries from accident, and only extent of the injuries was contested); *Rozanc v. Urbany,* 444 Pa.Super. 645, 664 A.2d 619 (1995)(holding a new trial was warranted in automobile accident case where jury found the defendant negligent, but that the negligence was not a substantial factor in bringing about harm where the defense expert admitted plaintiff suffered an injury from the accident).

¶ 8 Kruczkowska submits like *Craft, Hixson, Lewis* and *Rozanc,* it was uncontradicted that she suffered some injury as

a result of the accident. Kruczkowska argues this fact, coupled with the jury's finding Winter was negligent, demonstrates the jury decision that Winter's negligence was not a substantial factor in bringing about the harm was clearly erroneous and against the weight of the evidence. Winter counters by noting that in the present case, unlike the cases relied on by Kruczkowska, the defense never presented any expert testimony that Kruczkowska suffered an injury during the accident. Winter argues the jury was not required to accept everything or anything Kruczkowska and her doctor said, even if their testimony was uncontradicted.

¶ 9 In *Hawley v. Donahoo*, 416 Pa.Super. 469, 611 A.2d 311 (1992), the defendant conceded liability and agreed that the plaintiff had suffered a compression fracture of his back. This Court, in reversing the order of the trial court, which had denied a new trial, held that "the existence of the fractured vertebra was not questioned by the [defendant] on cross-examination, and therefore the jury's refusal to believe in the existence of this injury was unwarranted." *Id.* at 313. The Court also noted that counsel for the defendant conceded the existence of an injury in his closing argument. The Court further stated:

> While the jurors are the sole judges of credibility, and [plaintiff's] inconsistent and perhaps exaggerated testimony could have been perceived as an indication of [plaintiff's] interests of opportunity beyond pain which could dilute their belief in the existence of the occasion itself, the jury is not free to ignore an obvious injury. As our Supreme Court stated in *Thompson v. Iannuzzi*, 403 Pa. 329, 169 A.2d 777 (1961): "It is true that the jury is the final arbiter of facts but it may not, in law, ignore what is patent to the eye, obvious to the mind and clear to the normal process of ordinary computation." *Id.* at 332, 169 A.2d at 778–779 .

*Hawley*, 611 A.2d at 313.

¶ 10 As in *Hawley*, in the present case, the jury's refusal to believe in the existence of the sprained ankle was unwarranted. While there existed no admission from a defense expert witness that Kruczkowska suffered an injury during the accident, the existence of a sprained ankle was not questioned by Winter during her cross-examination of Kruczkowska and Dr. Gurkaynak. Rather, Winter's cross-examination of both Kruczkowska and Dr. Gurkaynak revealed only a dispute about the severity of Kruczkowka's injury and how long and to what extent it impaired her normal activities.

¶ 11 Although Winters notes Dr. Gurkaynak's credibility was called into question during cross-examination when she questioned his expertise in the field of orthopedic medicine, such questioning did not call into question whether Kruczkowska suffered any injury. Rather, it only spoke to the doctor's credentials.

¶ 12 Moreover, as in *Hawley*, Winter's counsel admitted the existence and cause of Kruczkowska's injury in his closing argument. Counsel stated, "Ms. Kruczkowska, no question she had some injury; okay? She was hit. She hurt her ankle. No question about that." N.T., Trial, 6/23/99, at 129. Counsel later stated, "[i]t wasn't a broken ankle. It was a sprained ankle. And would that stop Ms. Kruczkowska for a week or two in doing what was normal? Yeah." *Id.* at 134. After our review of the record, it is apparent only the extent and duration of Kruczkowska's injury was contested by Winter.

¶ 13 Winter contends the jury's verdict must stand as it can logically be read under the evidence that it was Kruczkowska's own negligence which caused, or which was a substantial factor, in bringing about her own harm. Winter argues the jury obviously found the testimony of Kruczkowska and her expert not credible, which it was free to do. Winter relies on this Court's plurality decision in *Hilbert v. Katz*, 309 Pa.Super. 466, 455 A.2d 704 (1983), as well as its decision in *Holland v.*

*Zelnick,* 329 Pa.Super. 469, 478 A.2d 885 (1984).

¶ 14 In *Hilbert,* the plaintiff and defendant were involved in a motor vehicle accident. Plaintiff was traveling west down a two-way road as defendant attempted to turn east onto the street. Even though each party claimed to have stayed within his own lanes of traffic, the left front of the defendant's car hit the left rear of the plaintiff's car. The plaintiff claimed the accident revived a prior neck and shoulder injury. The jury found that the defendant was negligent, but that his negligence was not a substantial factor in bringing about harm to the plaintiff. The jury did not reach the question of contributory negligence. The trial court granted plaintiff's motion for a new trial based on the jury's failure to answer questions regarding plaintiff's negligence. The trial court found the jury's failure left it unclear whether the jury believed the plaintiff's own negligence was of such a quality to match or exceed the defendant's negligence. The trial court also found that the weight of the evidence contradicts the jury's finding that the defendant's negligence was not a substantial factor in bringing about the plaintiff's harm. On appeal, our Court reversed. We held that uncertainty as to the underlying reasons for the jury's verdict is not a valid reason for granting a new trial. We also examined the trial court's objection to the jury's finding regarding whether the defendant's negligence was a substantial factor. After reviewing the record, we determined that given the facts of the case, the verdict did not shock our sense of justice.

¶ 15 In *Holland,* the plaintiff's vehicle that was stopped at a light was rear-ended by a vehicle driven by the defendant. The plaintiff alleged injuries to her neck, and offered the testimony of three physicians who testified that she suffered a neck injury as a result of the accident. The defendant's expert testified that the plaintiff's pain was caused by anxiety over her lawsuit with the defendant. The jury found that while the defendant was negligent, his negligence was not a substantial factor in causing the alleged injuries. On appeal, our Court affirmed the trial court's order denying the plaintiff a new trial. We found that the evidence supported the jury's verdict. Despite the finding of negligence on the defendant's part for "bumping" the plaintiff's vehicle, we stated the jury clearly found that the plaintiff's actions had nothing to do with the plaintiff's condition. We found the jury rejected the testimony of the plaintiff's medical expert, simply not believing that the headaches and other severe pain described by the plaintiff were caused by the defendant's negligent action of bumping the plaintiff's vehicle. Instead, we found the jury accepted the testimony of the defendant's expert, which it was free to do.

¶ 16 Winter's reliance on *Hilbert* and *Holland* is misplaced. While the facts in those cases supported the juries' verdicts that the defendants' negligence was not a substantial factor in causing the plaintiffs' injuries, the evidence in the present case does not support the same type of verdict. In *Hilbert,* it was disputed that the plaintiff sustained injuries as a result of the accident. Likewise, in *Holland,* there was competing expert testimony regarding the plaintiff's injuries. In both cases, the juries could have concluded that the defendants' negligence was not a substantial factor in bringing about the plaintiffs' harm because plaintiffs did not sustain injuries as a result of the accident.

¶ 17 Here, the facts are "so clearly of a greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Craft,* 700 A.2d at 524 (quoting *Thompson v. City of Philadelphia,* 507 Pa. 592, 601, 493 A.2d 669, 674 (1985)). Winter's negligent act of pulling out of a driveway into the roadway pursuant to the urging of an unknown motorist, without first looking to see if the path was clear at that time, was an established factor in causing the accident. Moreover, Winter admitted she had to back her car

off of Kruczkowska's foot after the collision occurred. Thus, Winter's negligence was clearly the cause of Kruczkowska's foot and ankle injury, the existence of which was not contradicted. We conclude that the jury's determination Winter's negligence was not a substantial factor bears no rational relationship to the evidence adduced at trial. A contrary conclusion would result in a miscarriage of justice.

¶ 18 For the reasons set forth above, we find that the trial court abused its discretion in denying Kruczkowska a new trial. Accordingly, we reverse the order of the trial court, and remand for a new trial.

¶ 19 Reversed and remanded for a new trial. Jurisdiction relinquished.