**Richard P. ODATO and Patricia Odato, Husband and Wife, Appellants,**

v.

**Joanne M. FULLEN, Appellee.**

Superior Court of Pennsylvania.

Argued January 28, 2004.

Filed April 19, 2004.

Maurice A. Nernberg, Pittsburgh, for appellants.

Gregory T. Weis, Pittsburgh, for appellee.

Before: FORD ELLIOTT, JOYCE, and TAMILIA, JJ.

OPINION BY JOYCE, J.:

¶ 1 Richard P. Odato and his wife, Patricia Odato, appeal from the judgment entered on August 6, 2003, in the Allegheny County Court of Common Pleas. For the reasons set forth below, we affirm. The relevant facts and procedural history are as follows.

¶ 2 On August 7, 2000, Mr. Odato presented to his family physician, Dr. James Reilly, with complaints of left-shoulder pain. Dr. Reilly referred Mr. Odato to an orthopedist, Dr. Timothy Janeway. However, later that same day, a vehicle driven by Mr. Odato was struck from behind by Joanne M. Fullen (Appellee). Thereafter, Mr. Odato made an appointment to see Dr. Janeway. When Dr. Janeway examined Mr. Odato, he diagnosed a torn rotator cuff in the left shoulder. Mr. Odato's rotator cuff was surgically repaired on October 9, 2000.

¶ 3 On June 12, 2002, Mr. and Mrs. Odato filed suit against Appellee.[1] The Odatos filed a motion *in limine* seeking to exclude any evidence regarding Mr. Odato's medical condition with respect to his left shoulder prior to the accident. The trial court denied the motion. The case went to trial where Appellee admitted negligence but did not concede that her negligence caused damages to Mr. or Mrs. Odato. On April 9, 2003, the jury returned with a verdict in favor of Appellee and against the Odatos. Post-trial motions were filed and denied by the trial court. Judgment on the verdict was entered, and this appeal followed.

¶ 4 On appeal, the Odatos first claim that the trial court erred in denying the motion *in limine* that allowed Appellee to raise the issue of Mr. Odato's complaints of left-shoulder pain prior to the accident. Additionally, the Odatos claim that the trial court abused its discretion by not awarding the Odatos a new trial, as they allege the verdict was against the weight of the evidence. Brief for the Odatos, at 4.

---

1. Mrs. Odato's claim is a loss of consortium action, deriving from Mr. Odato's personal injury claim.

We will address these issues in the order presented.

■ ¶ 5 The exclusion or admission of evidence is within the sound discretion of the trial court, and the decision of the trial court will not be disturbed absent an abuse of discretion or an error of law. *Majczyk v. Oesch,* 789 A.2d 717 (Pa.Super.2001). In the instant case, the Odatos sought to exclude testimony regarding Mr. Odato's complaints of shoulder pain prior to the accident. *See* Motion *in Limine,* 04/16/2003. The Odatos claimed that any evidence related to prior shoulder pain was irrelevant. We note that evidence of previous medical complaints must be connected to the complaints at issue, and if it is not, the trial court should exclude the evidence as irrelevant and prejudicial. *See Papa v. Pittsburgh Penn–Center Corp.,* 421 Pa. 228, 218 A.2d 783 (1966).

¶ 6 Upon review, we find no error. The record reveals that Mr. Odato complained to Dr. Reilly of pain in his left shoulder and was subsequently involved in an automobile accident. After the accident, Mr. Odato treated with Dr. Janeway for a rotator cuff injury—this injury was to the rotator cuff of his left shoulder. Since the previous medical complaints of left-shoulder pain were connected to the medical complaint at issue, we find the evidence relevant, and we further find no abuse of discretion or error of law committed by the trial court denying the motion *in limine. See Papa, supra.*

■ ¶ 7 The Odatos next argue that the trial court erred in denying their motion for a new trial as the verdict was against the weight of the evidence. The review of a denial of a motion for new trial is limited to the determination of whether the trial court abused its discretion or committed an error of law. *Kruczkowska v. Winter,* 764 A.2d 627, 629 (Pa.Super.2000). A new trial will be granted on the grounds that the verdict is against the weight of the evidence where the verdict is so contrary to the evidence that it shocks one's sense of justice. *Id.,* citing *Watson v. American Home Assurance Company,* 454 Pa.Super. 293, 685 A.2d 194, 198 (1996), *appeal denied,* 549 Pa. 704, 700 A.2d 443 (1997). However, an appellant is not entitled to a new trial where the evidence is conflicting and the finder of fact could have decided either way. *Id.*

¶ 8 The Odatos argue that it is clear that Mr. Odato suffered a torn rotator cuff and that it was caused by the auto accident involving Appellee. Upon review of the record, we concede only that it is undisputed Mr. Odato suffered a torn rotator cuff; however, the same cannot be said with respect to causation.

¶ 9 The jury heard Mr. Odato testify that he had presented to Dr. Reilly for complaints of left-shoulder pain prior to the accident. N.T. Trial, 04/08–09/2003, at 57. The jury heard Dr. Janeway testify that he diagnosed Mr. Odato with a torn rotator cuff. Deposition of Dr. Janeway, at 20. Dr. Janeway further testified that he believed the tear was due to the motor-vehicle accident. *Id.* However, on cross-examination, it was discovered that Dr. Janeway was not informed that Mr. Odato presented to Dr. Reilly with complaints about left-shoulder pain **prior to the accident.** *Id.* at 33 (emphasis supplied).

■ ¶ 10 Simply put, the jury had to decide if Mr. Odato was injured during the accident or prior to the accident. It is well-settled in Pennsylvania that the weight of the evidence and the credibility of witnesses are issues for the jury who is free to believe some, all, or none of the evidence presented. *Neison v. Hines,* 539 Pa. 516, 520, 653 A.2d 634, 637 (1995). A jury cannot ignore an obvious injury (*see Kruczkowska, supra*), but an expert's opin-

ion does not turn the assertion into an indisputable fact.

¶ 11 Mr. Odato argues that he presented to Dr. Reilly for arthritic shoulder pain. N.T. Trial, 04/08–09/2003, at 57. Dr. Janeway testified that in his opinion, the rotator cuff tear was likely due to trauma and not a degenerative condition such as arthritis. Deposition of Dr. Timothy Janeway, 04/04/2003, at 20. Nevertheless, it was for the jury to determine the credibility of this testimony and come to a conclusion as to causation. *Peterson v. Shreiner*, 822 A.2d 833, 840 (Pa.Super.2003). In other words, it was for the jury to decide if Mr. Odato's torn rotator cuff was caused by the accident or by some other factor. While Dr. Janeway testified that the tear was more likely due to trauma, it was possible for the jury to conclude it was a trauma suffered prior to the accident; additionally, Dr. Janeway could not rule out the possibility that the tear was in fact degenerative. Deposition of Dr. Timothy Janeway, 04/04/2003, at 33–36.

¶ 12 The cause of the tear to Mr. Odato's left rotator cuff was the key issue. The jury, as was its duty, weighed the evidence, determined the credibility of the witnesses, and rendered a verdict for Appellee. Upon review of the record, our sense of justice is not shocked. We find support for the jury's decision, and we do not find the trial court abused its discretion in denying the motion for a new trial.

¶ 13 The judgment entered on the verdict is affirmed.