**Feinberg v. Smith**

570

C.P. of Berks County, no. 01-4000.

*David M. Kozloff,* for plaintiff.
*Timothy J. Rowley,* for defendant.

SCHAEFFER, *S.J.,* April 5, 2005—Before the court is plaintiff's appeal of the judgment entered by operation of law on January 6, 2005, in the above-captioned matter.

On August 5, 1999, at approximately 4:50 p.m., the defendant, Smith, drove his vehicle into the path of appellant's vehicle while approaching the intersection at Oley Turnpike Road and Church Lane in Exeter Township, Berks County, Pennsylvania. Appellant's vehicle was totaled as a result of the collision. On April 18, 2001, appellant filed his complaint for damages, to which Smith filed an answer with new matter. In a pretrial memorandum, Smith stipulated that he was negligent in causing

the accident. On September 25, 2002, a jury found a verdict in favor of Smith and against appellant. On October 4, 2002, appellant filed a motion for post-trial relief; the court granted the motion for a new trial. Smith appealed. On December 3, 2003, the Superior Court affirmed the grant of a new trial. A subsequent trial was held, and on August 4, 2004, a verdict was entered against appellant and in favor of Smith. On August 10, 2004, appellant filed a motion for post-trial relief. As the post-trial motions were denied by operation of law pursuant to Pa.R.C.P. 227.1, Smith filed a praecipe for entry of judgment on January 6, 2005, and the prothonotary entered the judgment on that date.[1] On February 2, 2005, appellant timely filed his notice of appeal to the Superior Court.

In his concise statement of matters complained of on appeal, appellant asserts:

"(1) A new trial on the matter of damages alone or, alternatively, a new trial generally should be granted where the verdict was contrary to the evidence, law and the charge of the court because the defendant stipulated that the defendant was negligent and that the defendant's negligence was a substantial factor in causing the accident, and there was uncontradicted evidence that the plaintiff had sustained injuries as a result of the accident which was the subject of the lawsuit.

"(2) A new trial on the matter of damages alone or, alternatively, a new trial generally should be granted where the verdict was against the weight of the evidence.

---

1. On January 10, 2005, appellant filed a praecipe for argument on the post-trial motions, but argument was not held, as judgment had already been entered.

"(3) A new trial on the matter of damages alone or, alternatively, a new trial generally should be granted where the verdict is so contrary to the evidence where it shocks the court's sense of justice.

"(4) Pursuant to the law of the case doctrine, a new trial on the matter of damages alone, or alternatively, a new trial generally should be granted pursuant to the Superior Court memorandum opinion of December 3, 2003, in this matter.

"(5) A new trial on the matter of damages alone or, alternatively, a new trial generally should be granted where the defendant offered no evidence to prove that the plaintiff did not sustain injury as a result of the accident.

"(6) A new trial on the matter of damages alone or, alternatively, a new trial generally should be granted where there was uncontradicted and uncontroverted evidence that the plaintiff had sustained injury as a result of the accident, to which defendant stipulated to his negligence and that the defendant's negligence was a substantial factor in causing the accident.

"(7) The jury verdict should be set aside where the verdict bears no reasonable relation to the loss suffered by the plaintiff.

"[W]here a properly preserved weight of the evidence claim is raised on appeal and the judge who presided at trial failed to rule on the claim and is now permanently unavailable to do so, the claim must be reviewed by the appellate tribunal in the first instance." *Armbruster v. Horowitz,* 572 Pa. 1, 13, 813 A.2d 698, 705 (2002). Under Pa.R.C.P. 227.4, once judgment is entered, the trial

court may not consider the issues on appeal. *Id.* at 8 n.3, 813 A.2d at 702, n.3; *Hartner v. Home Depot USA Inc.,* 836 A.2d 924, 930 (Pa. Super. 2003). Therefore, those issues are for the Superior Court and the judge who presided at trial is permanently unavailable to rule on the claims, whether he is on the bench at this time or not. The appellate court shall review the evidence in the first instance. *Hartner* at 930.

Appellant first asserts that a new trial should be granted where the verdict was contrary to the evidence, law and the charge of the court because Smith stipulated that he was negligent and that his negligence was a substantial factor in causing the accident, and there was uncontradicted evidence that appellant had sustained injuries as a result of the accident which was the subject of the lawsuit. We would agree. The December 3, 2003 decision of the Superior Court is now the law of the case. The Superior Court affirmed our ruling that the first jury's verdict finding, that Smith's negligence was not a substantial cause of appellant's injuries, "shock[ed] the court's sense of justice" and our grant of a new trial on that basis. As the Superior Court stated, "Feinberg's evidence was robust and the testimony of his experts relied on more that just Feinberg's account of his medical history. In addition to these, there was considerable objective diagnostic evidence, including three MRIs, one x-ray, and others."

At the second trial, appellant again presented the testimony of Dr. Harold Einsig, a physiatrist and Dr. Scott Lynch, an orthopaedic surgeon. Their testimony established that the injury to appellant's left hip was caused by the accident, was painful, would worsen over time,

and that appellant was a potential candidate for hip replacement surgery. Before this accident, appellant was a 28-year-old summa cum laude college graduate and athlete, pursuing graduate work to be able to go to medical school.[2] Prior to the accident, he was in excellent shape, was very active and had no health problems. His prior injuries from his involvement with sports were limited to a sprain of the left knee, which occurred 10 years before the accident and had fully healed, an injury to his left shoulder in 1991 and a knee injury in 1997 that were both resolved before the accident. Appellant never had any problem with his left hip at all. After the accident, appellant had an audible "clicking" and popping noise in his left hip.

Dr. Einsig testified that, upon examination of appellant after the accident, appellant had a lot of pain upon full extension of the hip and that audible clicking or snapping that was heard with joint compression, rotation and movement about the left hip, which is abnormal. (Notes of testimony, 8/2/04, pp. 102-103.) Appellant was prescribed physical therapy, but this caused aggravation of the pain, so it was discontinued. (*Id.* at p. 109.) Attempts at rehabilitation therapy were unsuccessful because they increased the pain. (*Id.* at p. 112.) X-rays and MRI imaging and serial MRIs showed development of a bony edema area within the bone at the lateral femoral posterior condyle area. (*Id.* at pp. 115-16.) There were also roughened surfaces of the acetabulum itself and there is a significant divot formation on the head of the femur.

---

2. At the time of the second trial, appellant had been accepted into medical school.

(*Id.* at pp. 115-21; plaintiff's exhibit 7.) The prognosis for appellant is poor; there may be permanent limping and an increased risk for hip replacement surgery at an early age. (*Id.* at p. 122.) The doctor testified that appellant's pain was caused by the direct force of his femur being driven up to his hip joint by the automobile accident. (*Id.* at p. 125.) This evidence was uncontradicted.

Dr. Lynch testified that appellant has repetitive microtrauma to an area of the femoral head. (Notes of testimony, 8/3/04; plaintiff's exhibit 4, p. 20.) He gave two possible causes for the accumulation of fluid in appellant's left hip area. One was where "from the load he got to his joint, he may have flaked off a little bit of the surface of the joint, the cartilage that lines the surface of the joint." (*Id.* at p. 22.) "Now there is a piece that is loose. So when he moves his hip, that can get caught in there; or even if it wasn't flaked off, if he had enough significant trauma to that area, it caused the cell death in that surface cartilage, then that can flake off later or start to wear away later on." *(Id.)*

Dr. Lynch testified that "the other possibility would be if his labrum was torn, and that was getting caught in the joint as he moved it causing mechanical impingement there." *(Id.)* Dr. Lynch testified that appellant has not made any progress and it is unlikely that he is going to get any better; the pain will be permanent in nature. (*Id.* at pp. 26-27.) He also testified that the injury, whatever its etiology, resulted from the automobile accident of August 5, 1999. (*Id.* at p. 28.) Dr. Lynch opined that the condition will worsen over time. (*Id.* at p. 29.)

None of the experts who testified at trial changed their opinions as a result of cross-examination. The testimony was uncontradicted. As we stated previously, it shocks the court's sense of justice that the jury would totally disregard the uncontested expert testimony that this young man has an objective, and painful, condition that *will* worsen over time and may result in the need for a hip replacement. Appellant was seriously, and significantly, injured in this accident. The injury to his left hip was not related to any prior injuries. His injuries are compensable. As was stated by the Superior Court long before this case arose, we find that the "injustice of the verdict stands forth like a beacon." The fact that two juries have now rendered similar verdicts does not give either verdict a reasonable relation to the loss suffered by appellant. We acknowledge that the jury did specifically find that the defendant's admitted negligence was not a substantial factor in causing appellant's injuries. However, that finding was not supported by any evidence at all. A jury verdict finding that the admitted negligence was not a substantial factor in causing uncontradicted injuries cannot stand where, as here, it bears no rational relationship to the evidence. See generally, *Kruczkowska v. Winter,* 764 A.2d 627 (Pa. Super. 2000).

Prejudice against appellant clearly biased this jury.

We respectfully request that the Superior Court remand this case for a new trial, on damages alone, so that right may prevail.