J-S34009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| GERALDINE EDWARDS | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SARAH DUGAN | : | No. 162 WDA 2024 |

Appeal from the Judgment Entered January 22, 2024
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-No. 20-006220

BEFORE:   DUBOW, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                **FILED:  November 5, 2024**

Appellant, Geraldine Edwards, appeals from the January 22, 2024 entry of judgment by the Allegheny County Court of Common Pleas on the jury's verdict in this personal injury matter. Appellant contends that the evidence did not support the jury's damages award, challenges several evidentiary rulings made by the trial court, and argues that the court erred in denying her request for a continuance. After careful review, we affirm.

The relevant facts and procedural history are as follows. On June 4, 2018, the parties were involved in a motor vehicle accident where Appellee hit the rear of Appellant's vehicle. On May 31, 2020, Appellant filed a complaint against Appellee asserting negligence and requesting punitive

_____

[*] Former Justice specially assigned to the Superior Court.

damages. The trial court first scheduled the matter for trial beginning on March 29, 2021, but the court subsequently granted several continuances.

On December 13, 2021, Appellee filed a Pretrial Statement, identifying Dr. Jon Levy as an expert witness for the defense and stating that Appellee would provide Dr. Levy's expert report. Dr. Levy subsequently personally examined Appellant, and Appellee's counsel provided Dr. Levy's medical report to Appellant's counsel in an e-mail.

After granting three more continuances, the trial court scheduled trial to begin on September 11, 2023. The trial court mandated that the parties complete discovery by May 15, 2023, and that Appellant file a pre-trial statement by May 30, 2023.

On August 8, 2023, over two months after the deadline, Appellant filed a Pretrial Statement which did not identify any experts and indicated that expert reports would be attached to Appellant's Supplemental Pretrial Statement.

On August 22, 2023, Appellant filed a Supplemental Pretrial Statement which included a medical expert report from Dr. Edward Heres. On August 27, 2023, two weeks before trial, Appellant filed a Second Supplemental Pretrial Statement, which included an expert report prepared by Dr. Charles Favreau, an economic loss expert.

On August 29, 2023, Appellee filed a Motion to Strike Dr. Favreau's expert report arguing that Appellant's failure to identify Dr. Favreau and

provide his report until two weeks prior to trial was prejudicial to Appellee. The trial court granted this motion.

On September 5, 2023, Appellant filed a Motion to Strike Dr. Levy's expert report on the grounds that Appellee had failed to attach Dr. Levy's medical expert report and CV to Appellee's pre-trial statement, filed nearly two years earlier. The trial court denied this motion.

On September 8, 2023, three days before trial, Appellee served Appellant with a Motion *in Limine* requesting that the court preclude Appellant from testifying as to certain aspects of her wage loss and earning capacity. Both parties had the opportunity to argue their position before the trial court. The trial court permitted Appellant to present evidence as to Appellant's gross and net income for 2013-2022 but precluded Appellant from offering averages about her income because of the unpredictable nature of her job as a realtor.

On September 11, 2023, the morning of trial, Appellant moved for a sixth continuance, stating that a continuance would allow the court to reconsider its motion to strike Dr. Favreau's economic loss report because postponing trial would alleviate any prejudice Appellee had suffered from the late introduction of this report. The court denied Appellant's motion and proceeded with trial.

During the two-day trial, the jury heard testimony from the parties and video deposition testimony from Dr. Levy and Dr. Heres. Both experts agreed that Appellant had suffered whiplash, meaning soft tissue sprains and strains, as a result of the accident. Dr. Levy, Appellee's medical expert, testified that

Appellant had no objective evidence of physical injury at the time of Dr. Levy's examination and had only vague complaints of pain that were most likely due to her age and preexisting conditions. Dr. Heres, Appellant's medical expert, testified that the accident may have caused Appellant's chronic pain and could have affected her ability to fully function and perform certain activities.

On September 13, 2023, the jury entered a verdict in favor of Appellant and awarded her $2,567 for "past loss of earnings and earnings capacity." Verdict Slip, at 2. The jury declined to award any money for Appellant's physical and mental pain and suffering.

On September 20, 2023, Appellant filed a Motion for Post Trial Relief challenging the jury's award of $0 for pain and suffering and requesting a new trial where Appellant's economic loss expert would be permitted to testify. The trial court denied this motion.

This appeal followed. Both Appellant and the Trial Court complied with Pa.R.A.P. 1925.[1]

Appellant raises the following issues on appeal:

1. Did the trial judge abuse his discretion or commit an error of law in not vacating the verdict and granting [Appellant] a new trial after the jury returned a verdict of $0 for pain and suffering[?]

---

[1] Both the Calendar Control Judge and the Trial Judge filed Rule 1925 Opinions. In Allegheny County, the Calendar Control judge hears "[a]ll motions in any case that has been listed for trial or has appeared on a published trial list" prior to the assignment of the trial judge. Allegheny County Local Rule 208.3(a)(3).

2. Did the calendar court judge abuse his discretion or commit an error of law in denying [Appellant's] motion to strike [Appellee's] expert report and allowing [Appellee's] medical expert to testify?

3. Did the calendar court judge abuse his discretion or commit an error of law in granting [Appellee's] motion to strike [Appellant's] economic loss expert report?

4. Did the calendar court judge abuse his discretion or commit an error of law in denying [Appellant's] motion for a continuance of trial?

5. Did the trial court judge abuse his discretion or commit an error of law in granting – in part – [Appellee's] motion *in limine* regarding [Appellant's] income loss?

Appellant's Br. at 4 (unpaginated) (capitalization altered).

**A.**

In her first issue, Appellant contends that the trial court erred in refusing to grant her Post-Trial Motion in which she requested a new trial based on a challenge to the weight of the evidence supporting the jury's damages award. Appellant's Br. at 11-14 (unpaginated). Appellant avers that the jury's award of $0 for Appellant's pain and suffering "is errant and contrary to human experience" because "[b]y definition, it's impossible to enjoy the same pleasures of life at 70% of your pre-accident condition as you did at 100%." *Id.* at 13. Appellant argues that the trial court should have vacated the jury verdict and granted Appellant a new trial. *Id.* at 14.

Our standard of review of an order denying a Motion for a New Trial is well-settled. We consider "whether the trial court clearly and palpably committed an error of law that controlled the outcome of the case or constituted an abuse of discretion." **Schmidt v. Boardman Co.**, 958 A.2d 498, 516 (Pa. Super. 2008) (citation omitted). We examine the evidence in

the light most favorable to the verdict-winner and "to reverse the trial court, we must conclude that the verdict would change if another trial were granted." *Id.* (citation omitted).

Where a jury has made credibility determinations regarding the testimony and evidence presented, those determinations are rarely overturned. ***Armbruster v. Horowitz***, 744 A.2d 285, 287 (Pa. Super. 1999). To prevail on a challenge to the weight of the evidence, the verdict must be so "contrary to the evidence as to shock one's sense of justice[.]" ***Lanning v. West***, 803 A.2d 753, 765 (Pa. Super. 2002) (citation omitted). A new trial "will not be granted on the ground that the verdict was against the weight of the evidence where the evidence is conflicting and the fact-finder could have decided in favor of either party." *Id.* at 766 (citation omitted).

When considering challenges to the weight of the evidence, we note that, "[i]t is well-settled in Pennsylvania that the weight of the evidence and the credibility of witnesses are issues for the jury who is free to believe some, all, or none of the evidence presented." ***Odato v. Fullen***, 848 A.2d 964, 966 (Pa. Super. 2004).

The trial court in this case concluded that the jury was not required to award Appellant money for pain and suffering because Appellee presented the testimony of a medical expert "who testified that [Appellant's] pain was more likely attributable to the plaintiff's age, osteoporosis and degenerative back issues." Tr. Ct. Op., 3/1/24, at 1. The trial court emphasized that the jury could have believed this testimony and found that "if there was any pain from

the accident, it was minimal enough that it did not deserve compensation." *Id.*

Appellant essentially asks us to reweigh the testimony and evidence presented at trial. We cannot and will not do so. Our review of the record indicates that the evidence supporting the jury verdict is not tenuous, vague, or uncertain, and the verdict was not so contrary as to shock the court's conscience.

Appellant relies on this Court's decision in **Avery v. Cercone**, where this Court held that the jury's award of $0 for pain and suffering was against the weight of the evidence because "[a]lthough a commonplace injury such as a bruise may be categorized by the finder of fact as a 'transient rub of life,' the jury is not free to ignore uncontroverted evidence and an obvious injury." 2021 WL 4433616 at *7 (unpublished memorandum opinion) (citations omitted).

Unlike the plaintiff in **Avery**, here Appellant did not suffer an obvious or uncontroverted injury. In fact, Appellee's medical expert examined Appellant and testified at trial that Appellant had no objective physical injury or impairment and had only vague complaints of pain that were most likely due to her age and preexisting conditions. N.T. Levy Dep., 8/30/23, at 66. The jury, as fact-finder, was free to find this testimony credible and find that the effects of the accident on Appellant were nothing more than a "transient rub of life." **See Avery**, 2021 WL 4433616 at *7.

Based on our review of the record and applying our standard of review, we discern no abuse of discretion in the trial court's denial of Appellant's motion for a new trial.

**B.**

In Appellant's next four issues, Appellant challenges the lower court's decision to deny Appellant's motion to strike Appellee's medical expert report, grant Appellee's motion to strike Appellant's economic loss expert report, deny Appellant's motion for a continuance, and grant, in part, Appellee's motion *in limine*. Appellant's Br. at 14-20 (unpaginated).

In her brief, Appellant does not discuss or analyze any pertinent legal authority or sufficiently cite to the record to develop her claims. "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." ***Coulter v. Ramsden***, 94 A.3d 1080, 1088 (Pa. Super. 2014) (citation omitted); Pa.R.A.P. 2119(a). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." ***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). Mere allegations of unfairness, without more, do not constitute sufficient argument, and Appellant's failure to comply with our Rules

of Appellate Procedure precludes meaningful review. We, thus, find these issues waived.

## C.

Having found each of Appellant's issues either meritless or waived, we affirm the entry of judgment in favor of Appellant.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/5/2024